**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

**AMANDA QUIST,**

*Plaintiff,*

**v.**

**PARK TOWER CONDOMINIUM ASSOCIATION**

and

**THE HABITAT COMPANY,**

*Defendants.*

**Civil Action No.** _____

**Judge** _____

**Magistrate Judge** _____

**COMPLAINT AND JURY DEMAND FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

NOW COMES Plaintiff, AMANDA QUIST (the "Potential Buyer"), by and through her attorney, MASON S. COLE of the law firm of COLE SADKIN, LLC, and for her Complaint against Defendants PARK TOWER CONDOMINIUM ASSOCIATION ("Association") and THE HABITAT COMPANY (the "Property Manager"), ("Sunrise"), and hereby states as follows:

## INTRODUCTION

1. Amanda Quist applied for an Emotional Service Annual simultaneous with purchasing a condominium located at 5415 N. Sheridan Road, Suite 3303, Chicago, IL 60660 (the "Property"). Quist, who is black, with significant medically documented needs, requires the use of a necessary service animal to enjoy federally protected daily activities. Property Manager, under the approval and authority of Association, routinely denied her ability to provide information to qualify her animal pursuant to Association by-laws. Defendants refused Quist's request for a reasonable accommodation and have repeatedly and systematically harassed Quist and placed unreasonable restrictions, demands, and conditions on her application regarding the same.

2. Defendants' actions are *per se* harassment, discriminatory, and have caused Quist significant, ongoing, escalating emotional harm. In addition, Defendants' actions prevented Quist from purchasing her Property and instead required her to incur significant carrying costs while ultimately purchasing a nearby condo unit of similar size and quality for increased price due to the urgent need for a home. Defendants' actions require statutory and punitive damages to protect other similarly situated people in addition to the general public. Injunctive relief is necessary to rectify Defendants' actions in this manner.

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). This Court has original jurisdiction over Plaintiff's Fair Housing Act (42 U.S.C. § 3601 *et seq.*) (hereinafter "FHA") and American Disability Act (hereinafter "ADA") claims against Defendants.

4. Pursuant to 28 U.S.C. § 3567, this Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of a common nucleus of operative facts--*i.e.,* Plaintiff's experiences as a person with a disability living in the Property and Defendants' campaign of monitoring and harassment--and this Court's assertion of jurisdiction over these claims will avoid overlapping and duplicative litigation, reduce expense, promote judicial efficiency, and eliminate the possibility of inconsistent results posed by parallel proceedings.

5. Venue is proper by virtue of 28 U.S.C. § 1391(b) because Defendants are Illinois entities and the wrongful acts and injuries alleged herein occurred in the State of Illinois.

**PARTIES**

6. Plaintiff is a resident both of the State of Illinois and the Northern District of Illinois.

7. Upon information and belief, Defendant Park Tower Condominium Association is an Illinois limited liability company organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

8. Upon information and belief, Defendant The Habitat Company is an Illinois limited liability company organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

**STATEMENT OF FACTS**

9. On or about August 27, 2022 Plaintiff entered into a purchase contract for 5414 North Sheridan Road, Unit 3303, Chicago, IL 60660 (the "Unit").

10. Plaintiff requires the use of an emotional support animal and as part of the purchase agreement, requested approval of the service animal from the Association.

11. Plaintiff provided the Association with a Medical Affidavit from her care provider. *See* Medical Questionnaire and Affidavit, attached as **Exhibit 1.**[1]

12. In violation of federal law, Association asks for specific information regarding the Plaintiff's care under her provider, including specifics about her diagnosis which are in violation of the Plaintiff's HIPPA rights.

13. Association refused to call the Plaintiff's care provider and Plaintiff offered the Association a three-way call with herself and the care provider when she was at an appointment.

14. The care provider provided the Association his email address, fax number, and phone number for the Association to follow up with him directly.

15. Plaintiff further proffered receipts from her doctor's visit to the Association as proof of her therapeutic relationship.

16. Association violated federal law by not approving a valid care provider's affidavit and continuing to question the validity of the doctor-patient relationship and service animal.

17. In or about September of 2022, during the Plaintiff's attempts to get approval for her support animal and in conversation with the Property Manager for the Association, an employee of the property manager used hate speech and referred to the Plaintiff as a "monkey" and refused to accept her documentation regarding the animal.

18. After this hostile interaction, Plaintiff suffered panic attacks, and the stress contributed to exacerbating an existing heart condition. In addition the Plaintiff has lost a significant amount of weight related to stress, and has experienced hair loss and breakage related to stress.

[1] Attachment not tendered in filed copy but provided to this Court and opposing counsel when served via courtesy copy.

19. At a later date Plaintiff went to the building to retrieve packages that had been delivered there and was escorted by three (3) security employees to retrieve the packages.

20. During this interaction the Plaintiff was once again referred to as a "monkey" by an employee who was not aware of the canceled sale as a result of the emotional support animal being denied.

21. The Association further refused to give the Plaintiff all of her packages, and also kept a piece of furniture that the Plaintiff had stored at the building in anticipation of the closing.

Attempts to Mitigate Damages

22. Due to the Association's refusal to approve or accept adequate documentation of the Plaintiff's necessary support animal, the Plaintiff had to cancel the purchase agreement.

23. As a result of the cancellation, the Plaintiff had to forfeit earnest money in the amount of three thousand dollars ($3,000).

24. Plaintiff was forced to reside in a series of hotels while she began her search for a substitute unit at the cost of approximately sixteen thousand dollars ($16,000).

25. In or about October of 2022, Plaintiff purchased a substitute unit with the same emotional support animal documentation proferred to the Association.

26. Plaintiff's documentation was accepted without question, and Plaintiff was able to close on the unit.

27. The substitute unit was a smaller unit, and cost approximately forty-seven thousand and one hundred dollars ($47,100) more than the Unit she initially attempted to purchase.

28. In addition to the increased purchase price of the substitute unit, taxes are

significantly higher on the substitute unit.

**COUNT I: DISABILITY DISCRIMINATION IN HOUSING UNDER THE FEDERAL FAIR HOUSING ACT ("FHA") 42 U.S.C. 3604(f)**

29. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

30. Plaintiff is a person with a disability that limits one or more major life activities.

31. Plaintiff requested Defendants grant her a reasonable accommodation for the use of an emotional support dog, prescribed by her physician, to assist her with her activities of daily living and afford her an equal opportunity to use and enjoy her home, including the common areas at the Property.

32. When she first requested the accommodation, Defendants' ongoing harassment contributed to Plaintiff's unpredictable panic attacks. Her emotional support animal was in part prescribed to soothe and dispel her panic attacks. Because of the unpredictable nature of these attacks, it is imperative that Plaintiff have access to the emotional support animal.

33. Plaintiff provided Defendants with a prescription documenting both her disability and her need for an emotional support animal as a reasonable accommodation for her disability. The prescription stated that Plaintiff has a disability limiting a major life activity.

34. Defendants knew or reasonably should have known that Plaintiff was a person with a disability. Plaintiff's request for an emotional support animal imposed minimal or no additional costs to Defendants and required a limited exception to building policy.

35. Defendants discriminated against Plaintiff by refusing to make a necessary reasonable accommodation to its dog policy in order to afford Plaintiff an equal opportunity to

use and enjoy their home, in violation of the Fair Housing Act, 42 U.S.C. 3604(f)(3)(B).

36. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have discriminated against Plaintiff on the basis of her disability, denied Plaintiff the equal opportunity to use and enjoy her home in a manner similar to a person without a disability, and denied or otherwise made unavailable to them the full use of their home, in violation of the Fair Housing Act, 42 U.S.C. 3604(f)(1).

**COUNT II: DISABILITY DISCRIMINATION IN HOUSING UNDER THE FEDERAL FAIR HOUSING ACT ("FHA") 42 U.S.C. 3617**

37. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

38. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have coerced, intimidated, threatened, and interfered with Plaintiff's exercise and enjoyment of the rights granted and protected by 42 U.S.C. 3604(f) of the Fair Housing Act, in violation of the Fair Housing Act, 42 U.S.C. 3617.

**COUNT III: DISABILITY DISCRIMINATION IN HOUSING UNDER THE ILLINOIS HUMAN RIGHTS ACT 775 ILCS 5/3-101 *ET SEQ.***

39. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

40. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have discriminated against Plaintiff on the basis of her disability and have deprived Plaintiff of the equal opportunity to use and enjoy her Property in a manner similar to a person without a disability, in violation of the Illinois Human Rights Act 775 ILCS 5/3-101 *et seq.*

**COUNT IV: DISABILITY DISCRIMINATION IN HOUSING UNDER THE COOK COUNTY HUMAN RIGHTS ORDINANCE**

41. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

42. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have discriminated against Plaintiff on the basis of her disability and have deprived Plaintiff of the equal opportunity to use and enjoy her Property in a

manner similar to a person without a disability, in violation of Article VI of the Cook County Human Rights Ordinance.

**COUNT V: DISABILITY DISCRIMINATION IN HOUSING UNDER THE CHICAGO FAIR HOUSING ORDINANCE FEDERAL FAIR HOUSING ORDINANCE § 5-8-010 *ET SEQ.***

43. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

44. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have discriminated against Plaintiff on the basis of her disability and have deprived Plaintiff of the equal opportunity to use and enjoy her Property in a manner similar to a person without a disability, in violation of the Chicago Fair Housing Ordinance, § 5-8-010 *et seq*.

**COUNT VI: NUISANCE**

45. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

46. Since informing Defendants of her need for a reasonable accommodation for her disability in the form of a service dog, Defendants have subjected Plaintiff to repeated harassment by management and staff, monitoring of her activities, unreasonable restrictions on her ability to access the premises, and illegal warnings about rule violations.

47. This harassment and monitoring has continued despite repeated attempts by Plaintiff to resolve the issues with Defendants, work with the Defendants on the reasonable accommodations necessary for Plaintiff's disability, and return to the quiet enjoyment of their home.

48. The consistent, ongoing pattern of harassment and abusive behavior by Defendants has interfered with Plaintiff's ability to quietly enjoy and fully use her Property, including the common areas.

49. The consistent, ongoing pattern of harassment and abusive behavior by Defendants has made living in the Property so difficult and unpleasant for Plaintiff that she was incredibly uncomfortable and unsafe, with her anxiety increasing as a result thereof.

**COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

50. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

51. Defendants repeatedly harassed and humiliated Plaintiff, imposing unreasonable demands and restrictions on her disability disclosures, making her feel unsafe and unwelcome and inferior from the other residents within the Property.

52. As a direct result of one or more of the foregoing acts of Defendants, Plaintiff has suffered extreme and severe emotional distress.

53. Plaintiff's extreme and severe emotional distress was actually and proximately caused by the acts of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment as follows:

A. Damages for all of Plaintiff's compensable injuries in an amount to be proven at trial, plus interest and costs;

B. Attorneys fees and costs;

C. Exemplary and punitive damages in an amount to be proven at trial;

D. Injunctive relief requiring Defendants to provide fair housing training to Defendants regarding federal, state, and local nondiscrimination laws, and Court monitoring of the same;

E. Injunctive relief requiring Defendants to provide notice to the residents of Defendants explaining there is an emotional support animal in the building and explaining the applicable federal, state, and federal nondiscrimination laws governing persons with disabilities and Court monitoring of the same;

F. Injunctive relief and Court monitoring of all requests for reasonable accommodations for a period to be determined by the Court to prevent Defendants from engaging in similar discriminatory conduct against persons with disabilities in the future; and

G. Award such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Dated: November 28, 2022

Respectfully Submitted,

By: /s/ Mason S. Cole______

Mason S. Cole

Cole Sadkin, LLC
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
colesadkin.com
(312) 548-8610
mcole@colesadkin.com
*Attorneys for Plaintiff*