IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA QUIST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   22-cv-06618 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| PARK TOWER CONDOMINIUM | ) | Magistrate Young B. Kim |
| ASSOCIATION and THE HABITAT COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS COUNTS VI AND VII OF PLAINTIFF'S COMPLAINT**

Defendants, Park Tower Condominium Association and The Habitat Company, LLC (incorrectly named as "The Habitat Company"), through their attorneys, Kristine S. Phillips and Rachel M. Mineo of O'Hagan Meyer LLC, for their Memorandum of Law in Support of Motion to Dismiss Counts VI and VII of Plaintiff's Complaint, pursuant to Fed. R. Civ. Pro. 12(b)(6), states as follows:

**INTRODUCTION**

On November 28, 2022, Plaintiff Amanda Quist ("Plaintiff") filed a Complaint against Park Tower Condominium Association (the "Association") and the Association's property management company, The Habitat Company, LLC ("Habitat") (collectively "Defendants"). (Doc. #1).  Therein, Plaintiff asserted seven counts including: Count I for housing discrimination based upon disability under the Federal Fair Housing Act 42 U.S.C. §3604(f) ("FHA"); Count II for retaliation in housing under the FHA 42 U.S.C. §3617; Count III for housing discrimination due to disability under the Illinois Human Rights Act 775 ILCS 5/3-101 et seq. ("IHRA"); Count IV for housing discrimination under the Cook County Human Rights

1

Ordinance; Count V for disability discrimination in housing under the Chicago Fair Housing Ordinance §5-8-010 et seq.; Count VI for nuisance under Illinois state law; and Count VII for intentional infliction of emotional distress ("IIED") under Illinois state law. Defendants move for dismissal of Count VI because as pled, Count VI fails to set forth a cause of action for nuisance since Plaintiff has not asserted any allegations of conduct which substantially interfered with Plaintiff's enjoyment of the property. Additionally, Defendants move for dismissal of Count VII because Count VII fails to set forth a cause of action for IIED since Plaintiff has not asserted any allegations of conduct severe or outrageous enough to sustain a claim for IIED. As such, Plaintiff has not, as a matter of law, sufficiently stated claim for nuisance or IIED and accordingly, Counts VI and VII should be dismissed pursuant to Rule 12(b)(6).

## COMPLAINT ALLEGATIONS

In her Complaint, Plaintiff asserts that on or about August 27, 2022, she was under contract to purchase a condominium unit located at 5414 N. Sheridan Road, Unit 3303, Chicago, Illinois (the "Unit"). (Doc. #1, ¶ 9). Plaintiff claims that she is disabled and as part of the purchase agreement she submitted a request to the Association for an emotional support animal. (Doc. #1, ¶¶ 1, 10, 11). Because the Association did not approve Plaintiff's application as it was originally submitted and instead requested additional information, Plaintiff cancelled the purchase agreement. (Doc. #1, ¶ 22). Plaintiff alleges that by not approving her original application as submitted, she was discriminated against based upon her disability and retaliated against, in violation of §3604(f) and §3617 of the FHA. Plaintiff ultimately bought a different condominium unit in a different building. (Doc. #1, ¶ 25). During the pendency of the sale, Plaintiff resided in hotels. (Doc. #1, ¶ 24).

In Count VI and in support of her claim for nuisance, Plaintiff did not allege any conduct distinct from the conduct she asserts in support of her claims for discrimination and retaliation (Counts I through V) and instead, adopts and incorporates the same allegations through paragraph 23 of her Complaint. (Doc. #1, ¶¶ 45). Plaintiff claims that Defendants committed a private nuisance by not approving her initial application for an emotional support animal. In Count VI, and not stated anywhere else in the Complaint, Plaintiff alleges that Defendants "subjected Plaintiff to repeated harassment by management and staff, monitoring of her activities, unreasonable restrictions on her ability to access the premises, and illegal warnings about rule violations" even though Plaintiff admittedly never lived at the property. (Doc. #1, ¶ 14). Plaintiff makes further incorrect legal and factual conclusions that "the consistent, ongoing pattern of harassment and abusive behavior by Defendants has interfered with Plaintiff's ability to quietly enjoy and fully use her Property, including the common areas." (Doc. #1, ¶ 48). Plaintiff's Nuisance claim fails as she never consummated the purchase of the Unit, therefore she never obtained ownership of the Unit or the right to quietly enjoy and fully use the Unit and the common areas of the Association.

In support of her claim in Count VII that she was subjected to IIED, Plaintiff alleges that in addition to the Association requesting additional information related to her application for an emotional support animal, Plaintiff cites two incidents with unidentified staff members at the building. First, on an unspecified date in September 2022, an employee of Habitat allegedly referred to Plaintiff, who is Black as a "monkey" while she was present at the management office in the building (Doc. #1, ¶ 17). The second alleged incident was when Plaintiff went to the building to retrieve packages she had delivered there and was again allegedly referred to as a

"monkey" by another unidentified employee. (Doc. #1, ¶¶ 19, 20). These incidents alone form the basis of the IIED claim.

## ARGUMENT

**I.     Standard For Dismissal Pursuant to Rule 12(b)(6)**

To survive a Federal Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. lqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Federal Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.   In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all of the plaintiff's well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nevada*, NA., 507 F.3d 614, 618 (7th Cir.  2007).  The court reads the complaint and assesses its plausibility as a whole.  *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir.  2011).

**II.     Plaintiff's Nuisance Claim Under Count VI Should Be Dismissed**

Plaintiff has not asserted sufficient allegations establishing that Defendants created a nuisance by not approving her application for an emotional support animal. Specifically, Plaintiff readily admits that she never resided at the building because her application was denied and so, she purchased a different unit at a different building. Thus, Plaintiff's claim for nuisance fails because Defendants could not, as a matter of law, substantially interfered with her enjoyment of

the property because she never resided in the building nor was she ever in possession of a unit in the building. As such, Count VI for nuisance should be dismissed.

### A. Private Nuisance Claims Require Possession or Ownership of Property.

As a threshold matter, Plaintiff's Complaint does not differentiate the type of nuisance alleged: public versus private nuisance. "A public nuisance is an unreasonable interference with a right common to the general public." *City of Chicago v. Beretta U.S.A. Corp.,* 213 Ill. 2d 351, 366, 821 N.E.2d 1099 (2004), citing Restatement (Second) of Torts § 821B (1979). On the other hand, "[a] private nuisance is the substantial invasion of a person's interest in the use and enjoyment of his land." *In re Chicago Flood Litigation,* 176 Ill.2d 179, 204, 680 N.E.2d 265 (1997). In her Complaint, Plaintiff only alleges interference with the use of "her Property" (Doc. #1, ¶ 17) so presumably, Plaintiff is asserting a private nuisance claim under Count VI.

In order to show an actionable private nuisance, a plaintiff has the burden of alleging and proving that the defendant's actions "constituted an invasion [of plaintiff's property] that was substantial, intentional or negligent, and unreasonable." *Dobbs v. Wiggins*, 401 Ill. App. 3d 367, 376, 929 N.E.2d 30, 39 (1st Dist. 2010). Nuisance pertains to a "class of wrongs which arise from unreasonable, unwarrantable, or unlawful use by a person of his or her property so as to produce material annoyance, inconvenience, discomfort, or hurt from which the law will presume a consequent damage." *Gardner v. International Shoe Co.*, 319 Ill. App. 416, 49 N.E.2d 328 (4th Dist. 1943). A "nuisance must be physically offensive to the senses to the extent that it makes life uncomfortable." *Dobbs* at 375–76, 929 N.E.2d 30. "Common examples of a private nuisance are smoke, fumes, dust, vibration, or noise produced by the defendant on its own land and impairing the use and enjoyment of the neighboring land." *In re Chicago Flood Litigation* at 205-06, 680 N.E.2d 265.

### B. Plaintiff Fails to Set Forth Sufficient Facts to Support a Claim for Nuisance

Here, Plaintiff alleges that Defendants created a private nuisance and "interfered with Plaintiff's ability to quietly enjoy and fully use her Property, including the common areas." (Doc. #1, ¶ 48). However, on its face, Plaintiff's nuisance claim fails for two reasons.

First, Plaintiff never owned property in the building and has not, and cannot, set forth how Defendants' alleged actions interfered with her property. Based on the Complaint allegations, Plaintiff never resided in the building but instead, resided in hotels pending the sale of the condominium unit which is the subject her lawsuit. (Doc. #1, ¶ 24). Plaintiff also alleges that she never became a resident or unit owner because the sale of the unit never went through; instead, Plaintiff purchased a different unit in a different building altogether. (Doc. #1, ¶ 22, 25). Therefore, it is a factual and legal impossibility that Defendants created a private nuisance to Plaintiff's property because Plaintiff never owned the property.

Second, Plaintiff's claim for nuisance fails on its face because Defendants' actions of not approving Plaintiff's application for an emotional support animal are not physically offensive to the senses so as to constitute a nuisance, as our courts have held. *See In re Chicago Flood Litigation,* 176 Ill.2d 179, 680 N.E.2d 265 (1997)(property owners brought nuisance claim for property damage suffered as result of flooding of the tunnel beneath the Chicago River was sufficiently pled where "the interference with the use and enjoyment of property must consist of an invasion by something perceptible to the senses"); *Dobbs v. Wiggins*, 401 Ill. App. 3d 367, 376, 929 N.E.2d 30, 39 (1st Dist. 2010) (barking noise from kennel on neighboring land constituted private nuisance); *Woods v. Khan,* 95 Ill.App.3d at 1090, 420 N.E.2d 1028 (5th Dist. 1971)(nuisance action where the alleged invasion consisted of odors and flies from a poultry farm);

*Statler v. Catalano,* 167 Ill.App.3d at 403, 521 N.E.2d 565 (5th Dist. 1988)(nuisance claim where one neighbor shot a bullet into another neighbor's home).

Here, Plaintiff fails to allege any supporting facts regarding her factual and legal conclusions that Defendants were "monitoring her activities, [placed] unreasonable restrictions on her ability to access the premises, and [issued] illegal warnings about rule violations." (Doc. #1, ¶ 46). While the Court must presume that well-pleaded factual allegations are true, it need not accept conclusory allegations, legal conclusions couched as factual allegations, or implausible inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). In this case, the Complaint is utterly devoid of any allegations that establish that the Defendants committed a physically offensive action which substantially interfered with Plaintiff's use and enjoyment of her property, assuming for argument's sake that Plaintiff owned the unit. For this additional reason, Plaintiff's nuisance claim fails as a matter of law and must be dismissed.

### III. Plaintiff's IIED Claim Under Count VII Should Be Dismissed

The two incidents in which Plaintiff alleges she was called a derogatory name and Defendants' action of not approving Plaintiff's request for an emotional support animal, do not constitute extreme and outrageous conduct sufficient to support a claim for IIED. Plaintiff's assertions are not enough and as such, Count VII should be dismissed.

#### A. To Constitute IIED, the Conduct Must Be Extreme and Outrageous

To recover on a claim for IIED, a plaintiff is required to plead and ultimately prove: (1) that the conduct was extreme and outrageous; (2) that the actor intended that his conduct inflict severe emotional distress or knew that there was a high probability that his conduct would inflict such distress; and (3) that the conduct in fact caused severe emotional distress. *Bailey v. City of Chi.*, 779 F.3d 689, 696 (7th Cir. 2015). IIED does not extend to mere insults, indignities, threats,

annoyances, petty oppressions, or other trivialities; instead, the conduct must go beyond all bounds of decency and be considered intolerable in a civilized community. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). To serve as a basis for recovery, the defendant's conduct must be such "that the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim: Outrageous!" *Id.* Moreover, the law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). The intensity and the duration of the distress are factors to be considered in determining the severity of the distress. *McGrath v. Fahey*, 126 Ill. 2d 78, 86, 533 N.E.2d 806 (1988).

Where the alleged conduct is not extreme and outrageous, it is proper for a court to grant a defendant's motion to dismiss. *Graves v. Man Grp. USA, Inc.*, 479 F. Supp. 2d 850, 857 (N.D. Ill. 2007) (*citing, Harriston,* 992 F.2d at 703)(where former employee failed to state IIED claim under Illinois law); *See Cavalieri–Conway v. L. Butterman & Assocs.,* 992 F.Supp. 995, 1010–11 (N.D.Ill.1998) (holding that plaintiff failed to state a claim for IIED when, at best, she alleged that she had been subjected to a "couple of insults and the disfavor of building management"); *Carroll v. YMCA of Metro Chi., LLC,* 13 CV 9307, 2015 WL 149024, at *5 (N.D. Ill. Jan. 9, 2015)(granting motion to dismiss IIED claim where plaintiff alleged employer engaged in sexual and ethnic harassment on several occasions).

In the housing context, courts have found that the denial of an accommodation request is not in and of itself a proper basis to support a claim of IIED. *Stevens v. Hollywood Towers & Condo. Ass'n*, 836 F. Supp. 2d 800, 812–13 (N.D. Ill. 2011); *Roseborough v. Cottonwood Apartments,* 94 C 3708, 1994 WL 695516, at *3–4 (N.D.Ill. Dec. 9, 1994) (holding that failure to accommodate did not rise to the level of IIED).

**B. Plaintiff Fails to Set Forth Sufficient Facts to Support a Claim for IIED**

Here, Plaintiff alleges that she was subjected to intentional discrimination based on her disability because Defendants did not approve her accommodation request for an emotional support animal and that on two occasions, she was called a derogatory term by staff at the building. These allegations alone, do not establish conduct sufficiently severe or outrageous to support a claim for IIED.

Plaintiff asserts no conduct other than purportedly being subjected to derogatory names and having her request for an emotional support dog not approved on its initial submission, none of which rises to the level of severe or outrageous behavior. Plaintiff alleges: that her initial accommodation request for an emotional support animal was not approved as submitted and that she was called a disparaging term on two occasions. Even assuming these facts to be true, as this Court must for purposes of a Rule 12(b)(6) motion, these acts do not rise to the level of conduct that courts have found sufficient for an IIED claim. They are nowhere near the types of acts that the court have sustained IIED claims. In fact, courts have found that merely denying an accommodation request is insufficient to support a claim for IIED. *Stevens* at 812–13; *Roseborough* at *3–4.

Further, Plaintiff's allegation that unidentified staff members referred to her in a derogatory manner on two occasions are also insufficient establish a claim for IIED. In fact, courts have denied recovery to plaintiffs who alleged that they were subjected to a continuous series of intentionally discriminatory acts. *Van Stan v. Fancy Colours & Co.,* 125 F.3d 563, 568 (7th Cir.1997); *see also, Bannon v. Univ. of Chi.,* 503 F.3d 623 (7th Cir.2007)(no extreme or outrageous conduct where plaintiff's primary allegation was that her supervisor caused her

emotional distress by his use of racial slurs). Accordingly, Plaintiff's allegations are not enough to support a claim for IIED and Count VII of the Complaint should be dismissed.

## CONCLUSION

Plaintiff has not alleged sufficient facts evidencing a substantial and unreasonable interference with her property when she admittedly did not own the Unit which was part of the Association or reside in a unit in the building. As such, Plaintiff's claim for private nuisance fails. Additionally, Plaintiff has not alleged sufficient facts evidencing severe and outrageous conduct sufficient to sustain a claim of intentional infliction of emotional distress. Therefore, both Counts VI and Count VII of Plaintiff's Complaint should be dismissed.

WHEREFORE, for these reasons and for those set forth in Defendants' Motion to Dismiss, PARK TOWER CONDOMINIUM ASSOCIATION and THE HABITAT COMPANY, LLC move this Court to dismiss Counts VI and VII of Plaintiff AMANDA QUIST's Complaint, pursuant to Fed. R. Civ. Pro. 12(b)(6), and for further relief this Court deems just.

Date: January 17, 2023

                                      Respectfully submitted:

                                      Park Tower Condominium Association and
                                      The Habitat Company

                                 By:/s/ *Kristine S. Phillips*
                                      One of its attorneys
                                      O'HAGAN MEYER LLC

Kristine S. Phillips
Rachel M. Mineo
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kphillips@ohaganmeyer.com
rmineo@ohaganmeyer.com

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of January, 2023, I electronically filed **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS VI AND VII OF PLAINTIFF'S COMPLAINT,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEY FOR PLAINTIFF:**
Mason S. Cole
Cole Sadkin, LLC
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
mcole@colesadkin.com

/s/ *Kristine S. Phillips*
Kristine S. Phillips
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH:   312.422.6100
FX:   312.422.6110
kphillips@ohaganmeyer.com

11