**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| AMANDA QUIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2022-CV-06618 |
| v. | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| | ) | Magistrate Young B. Kim |
| PARK TOWER CONDOMINIUM | ) | |
| ASSOCIATION and THE HABITAT COMPANY, ) | | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS COUNTS VI AND VII OF PLAINTIFF'S COMPLAINT**

Plaintiff, AMANDA QUIST ("Plaintiff" or "Amanda"), by and through her attorneys, the Law Firm of Cole Sadkin, LLC, and for her response in opposition to the Motion of Defendants, PARK TOWER CONDOMINIUM and THE HABITAT COMPANY, (collectively referred as "Defendants), to Dismiss Counts VI and VII of Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6), states as follows:

## INTRODUCTION

On November 28, 2022, Plaintiff filed a seven-count Complaint at Law alleging causes of action for Disability Discrimination in Housing Under the Federal Fair Housing Act ("FHA") 42 U.S.C 3604(f) (Count I), Disability Discrimination in Housing Under the Federal Fair Housing Act ("FHA") 42 U.S.C 3617 (Count II), Disability Discrimination in Housing Under the Illinois Human Rights Act 775 ILCS 5/2-101 et seq. (Count III), Disability Discrimination in Housing Under the Cook County Human Rights Ordinance (Count IV), Disability Discrimination in Housing Under the Chicago Fair Housing Ordinance Federal Fair Housing Ordinance §5-8-010 et seq. (Count V), Nuisance (Count VI), Intentional Infliction of Emotional Distress ("IIED") (Count

VII). Subsequently, on January 17, 2023, Defendants filed a Motion to Dismiss Counts VI and VII of Plaintiff's Complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion")

In their Motion, Defendants claim that Plaintiff fails to allege sufficient facts to establish a claim for nuisance and IIED. For the reasons more fully stated below, Defendant's claims are without merit; therefore, Defendants' Motion should be denied as it applied to Count VII. Defendant's arguments will be taken in the order that they were presented in their Motion.

## LEGAL STANDARD

Defendant's Motion is brought pursuant to rules 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, the only question before this Court is whether Plaintiff's Complaint (1) "contains any set of facts … that would give rise to a right to relief." *United States v. Lewis*, 411 F. 3d 838, 842 (7th Cir. 2005). In reviewing a motion to dismiss, "the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff." *George v. Kraft Foods Glob., Inc.*, 674 F. Supp. 2d 1031, 1041 (N.D. Ill. 2009) (citing *Killingsworth v. HSBC Bank,* 507 F.3d 614, 618 (7th Cir. 2007)). In order to withstand a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim is plausible when the complaint alleges enough facts to draw the reasonable inference that the defendant is liable." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020). "A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility." *Id.* Motions to dismiss are only to be granted sparingly, so parties are given a chance to have their substantive matters heard. *See Kingwood Oil Co. v. Bell,* 204 F.2d 8, 13 (7th Cir. 1953).

## A R G U M E N T

## I.      Plaintiff's Makes No Argument Relative To Count VI

Plaintiff intends to voluntarily dismiss Count VI of her complaint and therefore makes no response.


## II.      Plaintiff alleges sufficient facts to state a cause of action for Intentional Infliction of Emotional Distress; therefore, Defendant's Motion should be denied.

Plaintiff's Complaint states sufficient facts that give rise to relief under a claim of IIED under Illinois law; therefore, Defendant's Motion as it relates to Count VII should be denied. In Illinois, to state a cause of action for IIED, a plaintiff must "prove: (1) that the conduct was extreme and outrageous, (2) that the actor intended that his conduct inflict severe emotional distress or knew that there was a high probability that his conduct would inflict such distress, and, (3) that the conduct in fact caused severe emotional distress." *Bailey v. City of Chi.*, 779 F.3d 689, 696 (7th Cir. 2015) (quoting *Schiller v. Mitchell*, 357 Ill. App. 3d 435, 447 (2005)). It is clear, however, that "the tort does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (internal quotation marks omitted).

Defendant's conduct went well beyond the extreme and outrageous requirement in order to succeed under a claim of IIED and therefore their Motion as it relates to Count VII should be dismissed. In order for conduct to be extreme and outrageous, a defendant's conduct needs to "go beyond all possible bounds of decency and to be regarded as intolerable in a civilized community." *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 21 (1992). "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988) (quoting Restatement (Second) of Torts § 46, comment j at 77-78 (1965)). Courts routinely look at the degree of "the degree of power or authority which a defendant has over a plaintiff [which] can impact upon whether that defendant's conduct is outrageous." *Ibid.*

3

The more power and control which a defendant can assert over a plaintiff the more likely a defendant's conduct will be deemed outrageous. *Id*. at 87. Another one of the determining factors in deciding whether a defendant's actions were extreme and outrageous is whether or not the defendant was aware "that the plaintiff is susceptible to emotional distress." *Sanglap v. LaSalle Bank, FSB*, No. 00 CV 1663, 2002 U.S. Dist. LEXIS 335, at *1 (N.D. Ill. Jan. 8, 2002).

Given the facts as plead, Defendants engaged in extreme and outrageous conduct by intentionally rejecting Plaintiff's good faith attempts to comply with Defendants' request for medical documentation for Plaintiff's emotional support animal ("ESA"). Given that Defendants have a no pet policy for their condo association, Plaintiff's purchase of a condo at the property could not proceed without the acceptance of a reasonable accommodation request by Plaintiff. In the documentation provided by Plaintiff, Defendants became aware that Plaintiff suffered from severe PTSD, anxiety and a litany of other mental afflictions. Defendants were aware that they were in a position of power by controlling whether or not they would accept Plaintiff's medical documentation, thus controlling if Plaintiff could purchase the condo of her choice. On top of denying Plaintiff's ESA, subsequently forcing her to lose any earnest money associated with the purchase, an unknown employee of the Defendants, along with on-site security guards refused to allow Plaintiff to retrieve furniture and packages that were being stored, in anticipation of Plaintiff purchasing a condo within Defendants building. Looking at the totality of the circumstances, because of Defendants position of power and knowledge of Plaintiff's medical history, Plaintiff pled sufficient facts to support a claim of IIED.

WHEREFORE, based upon the forgoing, Plaintiff, AMANDA QUIST respectfully requests that this Court enter an order denying Defendants, Motion to Dismiss Count VII of Plaintiff's Complaint and any other relief this Court deems equitable and just.

4

Dated: February 14, 2022

Respectfully submitted,

By:  /s/ Mason S. Cole
One of Plaintiff's Attorneys


**COLE SADKIN LLC**
Mason S. Cole, ARDC No. 6307727
1652 W. Belmont Ave., Ste. 1
Chicago, Illinois 60657
T: (312) 548-8610
mcole@colesadkin.com
*Counsel for Plaintiff*

5

## <u>CERTIFICATE OF SERVICE</u>

I, Marcus Turner, a non-attorney, certify that he served the foregoing **Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint** on:


by electronic mail on January _____, 2022



/s/ _____