**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMANDA QUIST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22-cv-06618 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| PARK TOWER CONDOMINIUM | ) | Magistrate Young B. Kim |
| ASSOCIATION and THE HABITAT COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION TO DISMISS COUNTS VI AND VII OF PLAINTIFF'S COMPLAINT**

Defendants, Park Tower Condominium Association and The Habitat Company, LLC (incorrectly named as "The Habitat Company"), through their attorneys, Kristine S. Phillips and Rachel M. Mineo of O'Hagan Meyer LLC, for their Reply in Support of their Motion to Dismiss Counts VI and VII of Plaintiff Amanda Quist's Complaint, pursuant to Fed. R. Civ. Pro. 12(b)(6), state as follows:

**INTRODUCTION**

Defendants' original Motion filed on January 18, 2023 sought dismissal of both Counts VI and VII of Plaintiff's Complaint. (Doc. #11).  In her Response filed on February 14, 2023, Plaintiff voluntarily dismisses Count VI. (Doc. #16, p. 3) and therefore, Count VI is no longer at issue.  As such, this Reply addresses dismissal of Count VII, Plaintiff's claim for intentional infliction of emotional distress ("IIED").  Simply put, Plaintiff's Response lends no support for her IIED claim and is subject to dismissal.

As a threshold matter, Plaintiff's Response contradicts the pleadings and references information not found elsewhere in the record much less her Complaint.  Specifically, as alleged

1

in her Complaint, Plaintiff purportedly has unspecified "significant medically documented needs" (Doc. #1, p. 2, ¶1).[1] However, in her Response, for the first time, Plaintiff claims to suffer from "severe PTSD, anxiety and a litany of other mental afflictions." (Doc., #16, p. 4). Because this new allegation is not within the four corners of the Complaint, it should be disregarded by the Court for purposes of this Motion.

Additionally, in her Response, Plaintiff seemingly changes her argument for what conduct she alleges is the basis for her IIED claim. In Count VII of the Complaint, Plaintiff alleged that her IIED claim was based upon her contention that "Defendants repeatedly harassed and humiliated [her], imposing unreasonable demands and restrictions on her disability disclosures, making her feel unsafe and unwelcome and inferior from the other residents within the Property." (Doc. #1, p. 10, ¶51). The specific conduct alleged in the Complaint was that the Association did not accept Plaintiff's documentation regarding her emotional support animal (Doc. #1, p. 4, ¶17) and that unidentified staff of the Defendants called Plaintiff a derogatory term on two occasions (Doc. #1, p. 4, ¶17 and p. 5, ¶20). In her Response, Plaintiff now asserts that the basis of her IIED claim is that Defendants "intentionally reject[ed] Plaintiff's good faith attempts to comply with Defendants' request for medical documentation for Plaintiff's emotional support animal" and did not allow her "to retrieve furniture and packages that were being stored, in anticipation of Plaintiff purchasing a condo with Defendants building." (Doc., #16, p. 4). As argued in Defendants' Motion, not approving Plaintiff's emotional support animal application

---

[1] The Complaint references "Exhibit 1", which is identified as a "Medical Questionnaire and Affidavit". (Doc. #1, p. 4, ¶11 and footnote #1). Plaintiff claims to have submitted a copy of the Exhibit to Defendants and the Court. Id. Exhibit 1 was not filed with the Clerk and Plaintiff has not complied with the procedure for sealed documents outlined in Local Rule 26.2. Defendants received a copy of Exhibit 1, though it is unknown whether the Court has received this Exhibit. If the Court has either not received or not considered Exhibit 1, Defendants assert that it should be disregarded. To the extent the Court has received Exhibit 1, and has considered it, it should be noted that Plaintiff only references "General Anxiety Disorder".

and two instances of derogatory names, even if true, are insufficient to support Plaintiff's claim for IIED. Further, Defendants' alleged conduct of not accepting Plaintiff's supplemental documentation related to her emotional support animal application, in conjunction with her not being able to retrieve some packages and furniture, falls far short of the standard of extreme and outrageous conduct case law has established is required for an IIED cause of action. Therefore, Count VII of the Complaint should be dismissed.

## ARGUMENT

### I. Plaintiff Cannot Assert Additional New Claims in Her Response Brief.

Plaintiff cannot amend her pleadings by asserting new claims in her response to Defendants' Motion to Dismiss. Normally, a plaintiff is permitted to assert additional facts, either in its brief or in affidavits, in response to a 12(b)(6) motion, so long as the additional facts are consistent with the complaint. *See Help at Home, Inc. v. Med. Capital, LLC,* 260 F.3d 748, 753 (7th Cir. 2001); *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir. 1997); *Wendt v. Handler, Thayer & Duggan, LLC,* 613 F. Supp. 2d 1021, 1033 (N.D. Ill. 2009). The addition of new, never-before-asserted claims, however, is impermissible. *Wooley v. Jackson Hewitt, Inc.,* 540 F. Supp. 2d 964, 972 (N.D. Ill. 2008). As asserted in her Complaint, Ms. Quist only alleged that she suffers from "significant medically documented needs." (Doc. #1, pg. 2, ¶1). However, in her Response, Plaintiff now claims for the first time to suffer from, "severe PTSD, anxiety and a litany of other mental afflictions," (Doc. #16, p. 4) claims found nowhere in her actual Complaint. As the Complaint does not contain any allegations of disabilities or medical impairments aside from "significantly medically documented needs", Plaintiff's arguments in her Response concerning these ailments are improper and should be disregarded by this Court for purposes of Defendants' Motion to Dismiss.

**II. Plaintiff's Response Lends No Support to Her Claim of Intentional Infliction of Emotional Distress.**

Missing allegations aside, Plaintiff has not sufficiently pled the first element of an IIED claim, or that the defendant engaged in conduct that was extreme and outrageous.

To recover on a claim for IIED, a plaintiff is required to plead and ultimately prove: (1) that the conduct was extreme and outrageous; (2) that the actor intended that his conduct inflict severe emotional distress or knew that there was a high probability that his conduct would inflict such distress; and (3) that the conduct in fact caused severe emotional distress. *Bailey v. City of Chi.*, 779 F.3d 689, 696 (7th Cir. 2015). All parties agree that the conduct must "go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001); *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 21 (1992). Plaintiff argues that the alleged extreme and outrageous conduct was two-fold: (1) that Defendants rejected her attempts to provide the requested documentation for an emotional support animal; and (2) that she was not allowed to retrieve furniture and packages from the building. (Doc. #16, pg. 4). This alone and without more, is not sufficient conduct that could support a claim for IIED.

As argued in Defendants' Motion, merely denying an accommodation request is insufficient to support a claim for IIED. *Stevens v. Hollywood Towers & Condo. Ass'n*, 836 F. Supp. 2d 800, 812–13 (N.D. Ill. 2011); *Roseborough v. Cottonwood Apartments,* 94 C 3708, 1994 WL 695516, at *3–4 (N.D.Ill. Dec. 9, 1994) (holding that failure to accommodate did not rise to the level of IIED). Plaintiff offers no case law in rebuttal and offers no argument to support her contention that not approving her application for an emotional support animal is enough to support a claim of IIED. Additionally, to the extent that Plaintiff argues that Defendants' request for additional documentation to establish a genuine therapeutic relationship between Plaintiff and the doctor who signed her emotional support animal application is the conduct which forms the basis

4

of her claim of IIED, this argument likewise fails as this documentation is required under Illinois law. Specifically, pursuant to the Illinois Assistance Animal Integrity Act, if an initial application for an emotional support animal "is insufficient to show the existence of the therapeutic relationship required…a housing provider may request additional information describing the professional relationship between the person and the individual with a disability." 310 ILCS 120/10(d). As Defendants were acting in accordance with an Illinois statute, their request for additional information from Plaintiff was not extreme or outrageous. Further, but not surprisingly, Plaintiff has offered no case law to support her contention that an alleged refusal to allow her to retrieve packages or furniture is conduct so extreme and outrageous that rises to the level of an IIED claim. Even when looking at the totality of circumstances, Defendants' conduct was neither extreme nor outrageous.

Even though Plaintiff's claim of IIED fails as she cannot establish the first element, she also cannot establish the remaining two elements. There are no allegations in the Complaint, nor raised in Plaintiff's Response that the Defendants intended that their conduct would inflict severe emotional distress or knew that it would. Further, Plaintiff has not sufficiently alleged that the Defendants' conduct in fact caused severe emotional distress. In her Complaint, Plaintiff concludes that "[a]s a direct result of one or more of the foregoing acts of Defendants, Plaintiff has suffered extreme and severe emotional distress". (Doc. #1, p. 10, ₽52). The only facts Plaintiff has alleged to support this conclusion are that at some point after a single interaction with the property manager for the Association, she suffered an unidentified number of panic attacks, and that "stress contributed to exacerbating an existing heart condition" and that she "lost a significant amount of weight related to stress, and has experienced hair loss and breakage related to stress." (Doc. #1, p. 4, ₽18). However, it is worth noting that Plaintiff attributes her heart condition,

5

weight loss and hair loss to stress and she was admittedly in the process of purchasing a new home at the time. Therefore, these facts do not establish the necessary correlation between the Defendants' purported conduct and Plaintiff's alleged distress. Accordingly, Plaintiff's allegations do not support a claim for IIED, her Response offers nothing further to support her claim, and Count VII of the Complaint should be dismissed, with prejudice.

### III. CONCLUSION

Plaintiff has not alleged sufficient facts evidencing extreme and outrageous conduct sufficient to sustain a claim of intentional infliction of emotional distress. Her argument, as stated in her Response, that the Association inflicted emotional distress by not accepting her emotional support animal application and refusing to provide her with some mail packages is without merit. Therefore, Count VII of Plaintiff's Complaint should be dismissed.

WHEREFORE, for these reasons and for those set forth in Defendants' Motion to Dismiss, Park Tower Condominium Association and The Habitat Company, LLC move this Court to dismiss Counts VI and VII of Plaintiff Amanda Quist's Complaint, pursuant to Fed. R. Civ. Pro. 12(b)(6), and for further relief this Court deems just.

Date: February 28, 2023

Respectfully submitted:

Park Tower Condominium Association and
The Habitat Company

Kristine S. Phillips
Rachel M. Mineo
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kphillips@ohaganmeyer.com
rmineo@ohaganmeyer.com

By: /s/ *Kristine S. Phillips*
One of Defendants' attorneys

**CERTIFICATE OF SERVICE**

      This is to certify that on this 28th day of February, 2023, I electronically filed **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS VI AND VII OF PLAINTIFF'S COMPLAINT,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

      **ATTORNEY FOR PLAINTIFF:**
Mason S. Cole
Cole Sadkin, LLC
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
mcole@colesadkin.com

      /s/ *Kristine S. Phillips*
Kristine S. Phillips
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH:   312.422.6100
FX:   312.422.6110
kphillips@ohaganmeyer.com