IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA QUIST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-06618 |
| ) | |
| PARK TOWER CONDOMINIUM ) | Judge Rebecca R. Pallmeyer |
| ASSOCIATION and THE HABITAT ) | |
| COMPANY, ) | |
| ) | Magistrate Young B. Kim |
| Defendants. ) | |

**DEFENDANTS PARK TOWER CONDOMINIUM ASSOCIATION AND
THE HABITAT COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants, Park Tower Condominium Association (hereinafter the "Association") and The Habitat Company, LLC (hereinafter "Habitat"), by their attorneys, Kristine S. Phillips and Rachel M. Mineo of O'Hagan Meyer LLC, for their Answer to the Complaint for Monetary Damages and Injunctive Relief filed by the Plaintiff, Amanda Quist, state as follows:

Counsel for the parties are in agreement that there is a typo in the case name as it pertains to Defendant Habitat. The docket reflects Defendant Habitat's name as "The Habitat Company." The parties are asking the Court to amend the case caption on the record to reflect Defendant's legal corporate name, "The Habitat Company, LLC."

**INTRODUCTION**

1. Amanda Quist applied for an Emotional Service Annual simultaneous with purchasing a condominium located at 5415 N. Sheridan Road, Suite 3303, Chicago, IL 60660 (the "Property"). Quist, who is black, with significant medically documented needs, requires the use of a necessary service animal to enjoy federally protected daily activities. Property Manager, under

the approval and authority of Association, routinely denied her ability to provide information to qualify her animal pursuant to Association by-laws. Defendants refused Quist's request for a reasonable accommodation and have repeatedly and systematically harassed Quist and placed unreasonable restrictions, demands, and conditions on her application regarding the same.

**ANSWER:** **Defendants admit that on or about September 14, 2022, Plaintiff submitted an Emotional Service Animal Application. Defendants have insufficient knowledge or information to either admit or deny the allegations concerning Plaintiff's race alleged in this paragraph and therefore, demand strict proof thereof. Defendants deny the remaining allegations and legal and factual conclusions in this paragraph.**

2. Defendants' actions are *per se* harassment, discriminatory, and have caused Quist significant, ongoing, escalating emotional harm. In addition, Defendants' actions prevented Quist from purchasing her Property and instead required her to incur significant carrying costs while ultimately purchasing a nearby condo unit of similar size and quality for increased price due to the urgent need for a home. Defendants' actions require statutory and punitive damages to protect other similarly situated people in addition to the general public. Injunctive relief is necessary to rectify Defendants' actions in this manner.

**ANSWER:** **Defendants deny the allegations and legal and factual conclusions in this paragraph.**

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). This Court has original jurisdiction over Plaintiff's Fair Housing Act (42 U.S.C. § 3601 *et seq*.) (hereinafter "FHA") and American Disability Act (hereinafter "ADA") claims against Defendants.

**ANSWER:** **Defendants admit only that jurisdiction has been alleged but deny that any valid claims have been asserted or exist.**

4. Pursuant to 28 U.S.C. § 3567, this Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of a common nucleus of operative facts--i.e., Plaintiff's experiences as a person with a disability living in the Property and Defendants' campaign of monitoring and harassment--and this Court's assertion of jurisdiction over these claims will avoid overlapping and duplicative litigation, reduce expense, promote judicial efficiency, and eliminate the possibility of inconsistent results posed by parallel proceedings.

**ANSWER:** **Defendants admit that pursuant to 28 U.S.C. §1367, supplemental jurisdiction over Plaintiff's state law claims has been alleged; however, Defendants deny the existence of a provision of the U.S. Code with the citation "28 U.S.C. §3567" and deny the remaining allegations and factual and legal conclusions in this paragraph.**

5. Venue is proper by virtue of 28 U.S.C. § 1391(b) because Defendants are Illinois entities and the wrongful acts and injuries alleged herein occurred in the State of Illinois.

**ANSWER:** **Defendants admit only that venue has been alleged but deny that any valid claims have been asserted or exist.**

## PARTIES

6. Plaintiff is a resident both of the State of Illinois and the Northern District of Illinois.

**ANSWER: Defendants have insufficient knowledge or information to either admit or deny the allegations in this paragraph and therefore, demand strict proof thereof.**

7. Upon information and belief, Defendant Park Tower Condominium Association is an Illinois limited liability company organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

**ANSWER: Defendants deny that Park Tower Condominium Association is a limited liability company. By way of further response, Park Tower Condominium Association is a Not-for-Profit corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.**

8. Upon information and belief, Defendant The Habitat Company, LLC is an Illinois limited liability company organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

**ANSWER: Defendants admit the allegations in this paragraph.**

## STATEMENT OF FACTS

9. On or about August 27, 2022 Plaintiff entered into a purchase contract for 5414 North Sheridan Road, Unit 3303, Chicago, IL 60660 (the "Unit").

**ANSWER: Defendants have insufficient knowledge or information to either admit or deny the allegations in this paragraph and therefore, demand strict proof thereof.**

4

10. Plaintiff requires the use of an emotional support animal and as part of the purchase agreement, requested approval of the service animal from the Association.

**ANSWER: Defendants admit that on or about September 14, 2022, Plaintiff submitted an Emotional Service Animal Application; however, Defendants have insufficient knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

11. Plaintiff provided the Association with a Medical Affidavit from her care provider. Medical Questionnaire and Affidavit, attached as Exhibit 1.

**ANSWER: Defendants deny that Plaintiff provided a Medical Affidavit from her care provider and further deny that any Exhibits were attached to the Complaint.**

12. In violation of federal law, Association asks for specific information regarding the Plaintiff's care under her provider, including specifics about her diagnosis which are in violation of the Plaintiff's HIPPA rights.

**ANSWER: Defendants deny the allegations and legal and factual conclusions in this paragraph.**

13. Association refused to call the Plaintiff's care provider and Plaintiff offered the Association a three-way call with herself and the care provider when she was at an appointment.

**ANSWER: Defendants deny the allegations and legal and factual conclusions in this paragraph.**

14. The care provider provided the Association his email address, fax number, and phone number for the Association to follow up with him directly.

**ANSWER: Defendants admit only that Plaintiff provided Dr. Arons' phone number and fax number as listed in his letterhead on the paperwork Plaintiff submitted as**

**part of her Emotional Support Animal Application, but deny the remaining allegations and legal and factual conclusions in this paragraph.**

15. Plaintiff further proffered receipts from her doctor's visit to the Association as proof of her therapeutic relationship.

**ANSWER: Defendants deny the allegations and legal and factual conclusions in this paragraph.**

16. Association violated federal law by not approving a valid care provider's affidavit and continuing to question the validity of the doctor-patient relationship and service animal.

**ANSWER: Defendants deny the allegations and legal and factual conclusions in this paragraph.**

17. In or about September of 2022, during the Plaintiff's attempts to get approval for her support animal and in conversation with the Property Manager for the Association, an employee of the property manager used hate speech and referred to the Plaintiff as a "monkey" and refused to accept her documentation regarding the animal.

**ANSWER: Defendants deny the allegations and legal and factual conclusions in this paragraph.**

18. After this hostile interaction, Plaintiff suffered panic attacks, and the stress contributed to exacerbating an existing heart condition. In addition the Plaintiff has lost a significant amount of weight related to stress, and has experienced hair loss and breakage related to stress.

**ANSWER: Defendants deny the legal and factual conclusion that Plaintiff's interaction with the Habitat Company in September 2022 was "hostile". Defendants have**

6

**insufficient knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

19. At a later date Plaintiff went to the building to retrieve packages that had been delivered there and was escorted by three (3) security employees to retrieve the packages.

**ANSWER:** **Defendants admit that as a non-owner and non-resident of the Association, Plaintiff had packages delivered to the building and was accompanied by a staff member while she retrieved packages from the building's private mail room; however, Defendants deny the remaining allegations and legal and factual conclusions in this paragraph.**

20. During this interaction the Plaintiff was once again referred to as a "monkey" by an employee who was not aware of the canceled sale as a result of the emotional support animal being denied.

**ANSWER:** **Defendants deny the allegations and legal and factual conclusions in this paragraph.**

21. The Association further refused to give the Plaintiff all of her packages, and also kept a piece of furniture that the Plaintiff had stored at the building in anticipation of the closing.

**ANSWER:** **Defendants deny the allegations and legal and factual conclusions in this paragraph.**

*Attempts to Mitigate Damages*

22. Due to the Association's refusal to approve or accept adequate documentation of the Plaintiff's necessary support animal, the Plaintiff had to cancel the purchase agreement.

**ANSWER:** **Defendants deny the allegations and legal and factual conclusions in this paragraph.**

23. As a result of the cancellation, the Plaintiff had to forfeit earnest money in the amount of three thousand dollars ($3,000).

**ANSWER: Defendants have insufficient knowledge or information to either admit or deny the allegations in this paragraph and therefore, demand strict proof thereof.**

24. Plaintiff was forced to reside in a series of hotels while she began her search for a substitute unit at the cost of approximately sixteen thousand dollars ($16,000).

**ANSWER: Defendants have insufficient knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

25. In or about October of 2022, Plaintiff purchased a substitute unit with the same emotional support animal documentation proferred to the Association.

**ANSWER: Defendants have insufficient knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

26. Plaintiff's documentation was accepted without question, and Plaintiff was able to close on the unit.

**ANSWER: Defendants have insufficient knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

27. The substitute unit was a smaller unit, and cost approximately forty-seven thousand and one hundred dollars ($47,100) more than the Unit she initially attempted to purchase.

**ANSWER:** **Defendants have insufficient knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

28. In addition to the increased purchase price of the substitute unit, taxes are significantly higher on the substitute unit.

**ANSWER:** **Defendants have insufficient knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

### COUNT I: DISABILITY DISCRIMINATION IN HOUSING UNDER THE FEDERAL FAIR HOUSING ACT ("FHA") 42 U.S.C. 3604(F)

29. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** **Defendants restate their answers and denials to paragraphs 1 through 23 as though fully stated herein.**

30. Plaintiff is a person with a disability that limits one or more major life activities.

**ANSWER:** **Defendants have insufficient knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

31. Plaintiff requested Defendants grant her a reasonable accommodation for the use of an emotional support dog, prescribed by her physician, to assist her with her activities of daily living and afford her an equal opportunity to use and enjoy her home, including the common areas at the Property.

**ANSWER:** **Defendants admit that on or about September 14, 2022, Plaintiff submitted an Emotional Service Animal Application; however, Defendants have insufficient**

**knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

33. When she first requested the accommodation, Defendants' ongoing harassment contributed to Plaintiff's unpredictable panic attacks. Her emotional support animal was in part prescribed to soothe and dispel her panic attacks. Because of the unpredictable nature of these attacks, it is imperative that Plaintiff have access to the emotional support animal.

**ANSWER:** **Defendants deny that they harassed Plaintiff. Defendants have insufficient knowledge or information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

33. Plaintiff provided Defendants with a prescription documenting both her disability and her need for an emotional support animal as a reasonable accommodation for her disability. The prescription stated that Plaintiff has a disability limiting a major life activity.

**ANSWER:** **Defendants admit that they received a letter purporting to be from Dr. Maxwell Arons stating that Plaintiff has a condition limiting one major life activity. Defendants deny the remaining allegations and legal and factual conclusions in this paragraph.**

34. Defendants knew or reasonably should have known that Plaintiff was a person with a disability. Plaintiff's request for an emotional support animal imposed minimal or no additional costs to Defendants and required a limited exception to building policy.

**ANSWER:** **Defendants deny the allegations and legal and factual conclusions in this paragraph.**

35. Defendants discriminated against Plaintiff by refusing to make a necessary reasonable accommodation to its dog policy in order to afford Plaintiff an equal opportunity to use and enjoy their home, in violation of the Fair Housing Act, 42 U.S.C. 3604(f)(3)(B).

**ANSWER:** Defendants deny the allegations and legal and factual conclusions in this paragraph.

36. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have discriminated against Plaintiff on the basis of her disability, denied Plaintiff the equal opportunity to use and enjoy her home in a manner similar to a person without a disability, and denied or otherwise made unavailable to them the full use of their home, in violation of the Fair Housing Act, 42 U.S.C. 3604(f)(1).

**ANSWER:** Defendants deny the allegations and legal and factual conclusions in this paragraph.

WHEREFORE, Defendants, Park Tower Condominium Association and The Habitat Company, LLC, by their attorneys, O'Hagan Meyer LLC, pray that this Honorable Court enter judgment in their favor and against the Plaintiff, Amanda Quist, denying and dismissing her Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

## COUNT II: DISABILITY DISCRIMINATION IN HOUSING UNDER
## THE FEDERAL FAIR HOUSING ACT ("FHA") 42 U.S.C. 3617

37. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** Defendants restate their answers and denials to paragraphs 1 through 23 as though fully stated herein.

38. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have coerced, intimidated, threatened, and interfered with Plaintiff's exercise and enjoyment of the rights granted and protected by 42 U.S.C. 3604(f) of the Fair Housing Act, in violation of the Fair Housing Act, 42 U.S.C. 3617.

**ANSWER:** Defendants deny the allegations and legal and factual conclusions in this paragraph.

WHEREFORE, Defendants, Park Tower Condominium Association and The Habitat Company, LLC, by their attorneys, O'Hagan Meyer LLC, pray that this Honorable Court enter judgment in their favor and against the Plaintiff, Amanda Quist, denying and dismissing her Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

### COUNT III: DISABILITY DISCRIMINATION IN HOUSING UNDER THE ILLINOIS HUMAN RIGHTS ACT 775 ILCS 5/3-101 *ET SEQ.*

39. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** Defendants restate their answers and denials to paragraphs 1 through 23 as though fully stated herein.

40. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have discriminated against Plaintiff on the basis of her disability and have deprived Plaintiff of the equal opportunity to use and enjoy her Property in a manner similar to a person without a disability, in violation of the Illinois Human Rights Act 775 ILCS 5/3-101 *et seq*.

**ANSWER:** Defendants deny the allegations and legal and factual conclusions in this paragraph.

WHEREFORE, Defendants, Park Tower Condominium Association and The Habitat Company, LLC, by their attorneys, O'Hagan Meyer LLC, pray that this Honorable Court enter judgment in their favor and against the Plaintiff, Amanda Quist, denying and dismissing her Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

### COUNT IV: DISABILITY DISCRIMINATION IN HOUSING UNDER THE COOK COUNTY HUMAN RIGHTS ORDINANCE

41. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** **Defendants restate their answers and denials to paragraphs 1 through 23 as though fully stated herein.**

42. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have discriminated against Plaintiff on the basis of her disability and have deprived Plaintiff of the equal opportunity to use and enjoy her Property in a manner similar to a person without a disability, in violation of Article VI of the Cook County Human Rights Ordinance.

**ANSWER:** **Defendants deny the allegations and legal and factual conclusions in this paragraph.**

WHEREFORE, Defendants, Park Tower Condominium Association and The Habitat Company, LLC, by their attorneys, O'Hagan Meyer LLC, pray that this Honorable Court enter judgment in their favor and against the Plaintiff, Amanda Quist, denying and dismissing her Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

## COUNT V: DISABILITY DISCRIMINATION IN HOUSING UNDER THE CHICAGO FAIR HOUSING ORDINANCE FEDERAL FAIR HOUSING ORDINANCE § 5-8-010 *ET SEQ.*

43. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

**ANSWER: Defendants restate their answers and denials to paragraphs 1 through 23 as though fully stated herein.**

44. By refusing to provide the reasonable accommodations requested by Plaintiff; imposing unreasonable restrictions upon Plaintiff's ability to use and enjoy her Property, including common areas; refusing to notify residents of the presence of an emotional support animal and regarding federal, state, county, and municipal housing rights and prohibitions on discrimination; refusing to appropriately train management and staff; and repeatedly harassing and humiliating Plaintiff, Defendants have discriminated against Plaintiff on the basis of her disability and have deprived Plaintiff of the equal opportunity to use and enjoy her Property in a manner similar to a person without a disability, in violation of the Chicago Fair Housing Ordinance, § 5-8-010 *et seq*.

**ANSWER: Defendants deny the allegations and legal and factual conclusions in this paragraph.**

WHEREFORE, Defendants, Park Tower Condominium Association and The Habitat Company, LLC, by their attorneys, O'Hagan Meyer LLC, pray that this Honorable Court enter judgment in their favor and against the Plaintiff, Amanda Quist, denying and dismissing her Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

## COUNT VI: NUISANCE

Plaintiff voluntarily dismissed Count VI and, as such, no response is necessary.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

**ANSWER: Defendants restate their answers and denials to paragraphs 1 through 23 as though fully stated herein.**

51. Defendants repeatedly harassed and humiliated Plaintiff, imposing unreasonable demands and restrictions on her disability disclosures, making her feel unsafe and unwelcome and inferior from the other residents within the Property.

**ANSWER: Defendants deny the allegations and legal and factual conclusions in this paragraph.**

52. As a direct result of one or more of the foregoing acts of Defendants, Plaintiff has suffered extreme and severe emotional distress.

**ANSWER: Defendants deny the allegations and legal and factual conclusions in this paragraph.**

53. Plaintiff's extreme and severe emotional distress was actually and proximately caused by the acts of Defendants.

**ANSWER: Defendants deny the allegations and legal and factual conclusions in this paragraph.**

WHEREFORE, Defendants, Park Tower Condominium Association and The Habitat Company, LLC, by their attorneys, O'Hagan Meyer LLC, pray that this Honorable Court enter judgment in their favor and against the Plaintiff, Amanda Quist, denying and dismissing her Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

## **AFFIRMATIVE DEFENSES**

Defendants, Park Tower Condominium Association and The Habitat Company, by their attorneys, Kristine S. Phillips and Rachel M. Mineo of O'Hagan Meyer LLC, for their Affirmative Defenses to the Complaint for Monetary Damages and Injunctive Relief filed by the Plaintiff, Amanda Quist, state as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to Mitigate)**

To the extent Plaintiff purchased property which was not comparable to the unit within Park Tower, then Plaintiff's damages, if any she had, are barred by her failure to mitigate damages or her damages are subject to decrease by Plaintiff's failure to timely mitigate. *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1202 (7th Cir. 1989); *Payne v. Security Savings & Loan Assoc.*, 924 F.2d 109, 111 (7th Cir. 1991).

WHEREFORE, Defendants, Park Tower Condominium Association and The Habitat Company, by their attorneys, O'Hagan Meyer LLC, pray that this Honorable Court enter judgment in their favor and against the Plaintiff, Amanda Quist, denying and dismissing her Complaint, with costs assessed against the Plaintiff, Amanda Quist, and any other relief to which this Court deems equitable and just.

Dated: June 28, 2023

Kristine S. Phillips
Rachel M. Mineo
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kphillips@ohaganmeyer.com
rmineo@ohaganmeyer.com

Respectfully submitted:

Park Tower Condominium Association and
The Habitat Company

By: /s/ *Rachel M. Mineo*
    One of their attorneys

17

## **CERTIFICATE OF SERVICE**

This is to certify that on this 28th day of June, 2023, I electronically filed **Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint for Monetary Damages and Injunctive Relief,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEY FOR PLAINTIFF:**
Mason S. Cole
Cole Sadkin, LLC
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
PH: (312) 548-8610
mcole@colesadkin.com


/s/ *Rachel M. Mineo*
Rachel M. Mineo
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
rmineo@ohaganmeyer.com