IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA QUIST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-06618 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| PARK TOWER CONDOMINIUM | ) | Magistrate Young B. Kim |
| ASSOCIATION and THE HABITAT COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

Defendants, Park Tower Condominium Association and The Habitat Company, LLC, by and through their attorneys, Kristine S. Phillips and Rachel M. Mineo of O'Hagan Meyer LLC, as their Motion to Compel Plaintiff Amanda Quist to adequately respond to their discovery requests, pursuant to Fed. R. Civ. Pro. 37 and Local Rule 37.2, state as follows:

## BACKGROUND

1. On November 28, 2022, Plaintiff, Amanda Quist, filed the instant complaint against Defendants Park Tower Condominium Association and The Habitat Company (collectively "Defendants") arising out of her application for an emotional support animal. (Doc. #1).

2. On June 28, 2023, Defendants filed an Answer denying all material allegations and asserting affirmative defenses, including that Plaintiff failed to mitigate her damages. (Doc. #2).

3. Pursuant to the Joint Status Report filed on January 30, 2023, fact discovery is to be completed by September 30, 2023. (Doc. #14).

4. Defendants propounded discovery on Plaintiff including Interrogatories and Request for Production of Documents on June 29, 2023. *A copy of Defendants' First Set of Interrogatories is attached hereto as Exhibit A; A copy of Defendants' First Set of Requests for Production is attached hereto as Exhibit B.*

5. Although Plaintiff's responses were due on July 31, 2023, Plaintiff did not serve Defendants with her discovery responses until August 23, 2023. *A copy of Plaintiff's responses and objections to Interrogatories are attached hereto as Exhibit C; A copy of Plaintiff's responses to Requests for Production is attached hereto as Exhibit D.* Plaintiff's document production consisted of 55 pages total.[1]

6. The overwhelming majority of Plaintiff's responses were incomplete, evasive, and often only partially responsive to the requests for information and documents.

7. On August 24, 2023, Defendants' counsel had a phone conference with Plaintiffs' counsel in an attempt to confer in good-faith and to resolve their discovery disputes.

8. Thereafter, on September 7, 2023, during preparation of the Joint Status Report submitted to the Court, Defendants' Counsel renewed the request that Plaintiff supplement her discovery responses to cure the deficiencies therein and reflected the same in the Report filed with the Court. (Doc. # 26).

9. Further, Defendants issued a notice of deposition directed to Plaintiff for September 29, 2023.

10. On September 12, 14, 19, and 21, 2023, Defendants' counsel called Plaintiff's counsel in an attempt to confer in good-faith and to resolve their discovery disputes, in compliance with Local Rule 37.2. Defendants' counsel left voicemail messages for Plaintiff's counsel during each call.

11. When Plaintiff's counsel did not return any of those four phone calls, on September 21, 2023, Defendants' counsel sent an email correspondence requesting counsel's availability to confer regarding discovery. *Email Dated September 21, 2023 is attached hereto as Exhibit E.*

---

[1] Plaintiff produced a 12 second video created on February 13, 2023 as "Exhibit 24", which is not attached to this Motion.

2

12. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b). Information is discoverable if it is "proportional to the needs of the case." *Id*.

13. In particular, Plaintiff's answers to Interrogatory Numbers 4, 6, 7, 9, 10, 11, 12, 13, 14, and 15 are deficient, as Plaintiff improperly withheld information responsive to the requests, selectively provided only partial answers while not fully responding to each subpart, and asserted boilerplate general objections that Defendants' requests were overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence. *Ex. C, Plaintiff's Responses to Interrogatories,* p. 1. In the limited explanation of the application of her objections to this case, Plaintiff states that Defendants' have requested information more accessible to Defendants and that "[t]his objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Defendant to Plaintiff in the course of Plaintiff's civil investigation of Dentsply's distribution and marketing of artificial teeth." *Ex. C, Plaintiff's Responses to Interrogatories,* p. 2, Objection #5. There are no entities named "Dentsply" in this litigation, nor is the distribution and marketing of artificial teeth an issue. Additionally, Plaintiff did not propound any discovery on Defendants nor has there been any civil litigation.

14. Specifically, Interrogatories No. 2-4 sought information relating to Plaintiff's claim that she was treated improperly by Defendants, including specific statements, identification of the speaker, identification of other individuals present, as well as the date, time, and location of the statements. Defendants' Interrogatories No. 2-4 are within the scope of discovery permitted by Rule 26(b) because the identity of all the individuals that allegedly discriminated against Plaintiff is relevant to all of Plaintiff's claims. The information responsive to these Interrogatories is proportional to the needs of the case because Defendants cannot adequately investigate Plaintiff's claims if they do not know all the names of the individuals Plaintiff claims discriminated against

3

her and cannot even narrow down the individuals who possibly interacted with Plaintiff without the dates, times, and locations of such statements.

15. Plaintiff also failed to fully respond to Interrogatories No. 6-8, which sought specific information including the identity of the individuals Plaintiff claims escorted her to retrieve packages, as well as the contents, size, and value of the items, and the date and time Plaintiff attempted to retrieve the packages and/or furniture. Interrogatory No. 8 further sought information of what mitigation efforts Plaintiff took in response to Defendants' purported retention of her items. Interrogatories No. 6-8 are within the scope of discovery permitted by Rule 26(b) because they relate to damages sought by Plaintiff relating to her allegations that Defendants withheld packages and/or furniture she had delivered to the building, as well as Defendants' affirmative defense that Plaintiff failed to mitigate her damages.

16. Plaintiff's response to Interrogatory No. 9 was incomplete as she failed to identify the date which she entered into the contract to purchase her other unit or the closing date. Further, Plaintiff's response that the closing was "[a]round October 7-8 of 2022" is contradicted by the closing statement she produced as "Exhibit 7", which reflected on its face the date of October 4, 2022. *Ex.C, Plaintiff's Responses to Interrogatories,* p. 7 and *Responses to Requests for Production,* Exhibit 7. Further, Plaintiff admitted in response to requests for admission of fact that the deed for that property reflects that it was conveyed to Plaintiff on October 3, 2022. *A copy of Plaintiff's Responses to Requests to Admit are attached hereto as Exhibit F.* Interrogatory No. 9 is within the scope of discovery permitted by Rule 26(b) because they relate to damages sought by Plaintiff relating to her purchase of an alternate condominium unit.

17. Plaintiff gave an incomplete and evasive answer to Interrogatory Number 10, which requested that Plaintiff "identify all individual(s) who you have sought treatment from regarding any symptoms and/or injuries and the dates of any such treatment". *Ex.C, Plaintiff's Responses to*

*Interrogatories,* p. 8-9. Interrogatory No. 10 is within the scope of discovery permitted by Rule 26(b) because they relate to Plaintiff's claim four intentional infliction of emotional distress.

18. Plaintiff gave an incomplete and evasive answer to Interrogatory Number 11 regarding Defendants' request for information related to the communication between Plaintiff and Defendants, which is within the scope of discovery permitted by Rule 26(b) because they relate to all of Plaintiff's claims. Plaintiff's response fails to provide names of individuals, referring to them only as "Seller's attorney," "CAM," and "the seller's Real Estate Agent." *Ex.C, Plaintiff's Responses to Interrogatories,* p. 9.

19. Plaintiff gave an incomplete and evasive answer to Interrogatory Number 12 regarding Defendants' request for disclosure of all property Plaintiff owned or had a beneficial property interest in since August 2022, which directly relates to Plaintiff's claim for damages arising out of hotel bills. In response, Plaintiff disclosed only the property located at 777 North Michigan Ave, Apt. 2705. *Ex.C, Plaintiff's Responses to Interrogatories,* p. 9. However, in her response to requests to admit, Plaintiff confirmed that she was the owner of 6300 N. Sheridan Road, Unit 104, Chicago, IL 60640 until September 1, 2022. *Ex.F, Plaintiff's Responses to Requests to Admit,* Requests No. 18 and 19, p. 4-5.

20. Plaintiff gave an incomplete answer to Interrogatory No. 14 regarding Defendants' request for addresses and dates of occupancy for each place Plaintiff resided in from August 1, 2022 through October 3, 2022. *Ex.C, Plaintiff's Responses to Interrogatories,* p. 10. Specifically, Plaintiff failed to identify any residence prior to September 8, 2022. *Id.*

21. Plaintiff gave an incomplete and evasive answer to Interrogatory No. 15 regarding Defendants' request for the name and contact information for each individual having knowledge about Plaintiff's claim, as well as a description of the information they are believed to possess and any documents related to that knowledge or information. In particular, Plaintiff failed to identify

any contact information in response to the interrogatory and further failed to provide a description of any information or knowledge Maxwell Arons, DO, Jacqueline Smith, or Erin Booker may have related to her claims. Further, Plaintiff fails to identify any documents related to their knowledge.

22. Similarly, Plaintiff's Responses to Request to Produce Numbers 2, 3, 4, 5, 6, 7, 8, 11, and 13 are deficient and most of the documents produced are nonresponsive and irrelevant. *Ex.D, Plaintiff's Responses to Requests to Produce.*

23. Specifically, requests for production nos. 2, 3, and 4 sough documents relating to Plaintiff's real estate transactions for the property she owned through September 1, 2023 (6300 N. Sheridan Road, Unit 104); the potential purchase within the Association which is the subject of this suit (5415 N. Sheridan Road, Unit 3303); and the alternate condominium unit she purchased (777 N. Michigan Avenue, Unit 2705). Defendants requested all documents, including real estate contracts, correspondence, and closing documents related to the three transactions. This evidence would bear on Plaintiff's damages related to alternate living expenses and the comparability of the property she ultimately purchased. However, Plaintiff failed to produce any documents related to the sale of 6300 N. Sheridan Road, Unit 104 or the potential purchase of 5415 N. Sheridan Road, Unit 3303 (aside from her application for an emotional support animal) and failed to produce anything more than the HUD from her purchase of 777 N. Michigan Ave, Unit 2705, which does not disclose the date the contract was entered into. *Ex. D, Plaintiff's Responses to Requests to Produce.*

24. Further, of the limited documents Plaintiff did produce, a number of those documents appear on their face to not be responsive to the requests, including documents produced in response to requests nos. 7, 8, 11, and 13, as outlined in greater detail as follows. *Ex. D, Plaintiff's Responses to Requests to Produce*, p. 2-3.

    a. Request Nos. 7-8 sought documents including receipts, shipping updates, and tracking information related to packages and/or furniture delivered to the Association (located at 5415 N. Sheridan Road) which Plaintiff contends were not returned to her in September 2022. Plaintiff produced two photographs of items mailed to 777 N. Michigan Ave, Apt. 2705. *Ex. D, Plaintiff's Responses to Requests to Produce*, Exhibits 8 and 10.

    b. Request No. 11 sought all documents, including medical records, related to Plaintiff's claim she suffered panic attacks after an interaction with Defendants. In response, Plaintiff produced a photograph purportedly of hair, a single page letter from a Physician Assistant dated February 15, 2023, and a tax assessment. *Ex. D, Plaintiff's Responses to Requests to Produce*, Exhibits 13, 15, and 22.

    c. Request No. 13 sought all documents supporting Plaintiff's claim that she incurred approximately $16,000 in hotel bills after she terminated her contract to purchase 5415 N. Sheridan Road, Unit 3303. In response, Plaintiff produced Exhibit 25, the mutual cancellation agreement reflecting that the contract was cancelled on September 28, 2022, but hotel bills dating back to September 8, 2022. *Ex.D, Plaintiff's Responses to Requests to Produce*, Exhibits 1, 2, 3, and 25.

25. Despite Defendants' counsel's numerous requests and attempts to communicate with Plaintiff's counsel regarding the deficiencies in Plaintiff's discovery responses, Plaintiff has failed to address any of Defendants' discovery concerns and has not amended or supplemented her responses to interrogatories or produced any additional documents.

26. Federal Rule of Civil Procedure 37 provides that, on notice, a party may move for an order compelling disclosure or discovery if a party fails to produce documents. Under Rule 37, evasive or incomplete responses are treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).

27. The parties have reached an impasse because Plaintiffs have refused to respond to interrogatories or produce responsive documents by the deadlines for compliance set forth in the Federal Rules of Civil Procedure. Further requests for meet and confer would be futile, as evidenced by Plaintiffs' repeated failure to respond.

28. In essence, Plaintiff filed this lawsuit yet now refuses to prosecute it, unduly delaying and obstructing discovery. Defendants have therefore been prejudiced in their ability to evaluate and defend this matter by Plaintiff's delay and refusal to respond to their interrogatories and requests for production.

29. Moreover, Plaintiff has not presented any argument grounded in fact or law to explain why she is withholding of information or documents.

30. Accordingly, Defendants request that this Court enter an order compelling Plaintiff to respond to their interrogatories nos. 4, 6, 7, 9, 10, 11, 12, 13, 14, and 15 and requests for production nos. 2, 3, 4, 5, 6, 7, 8, 11, and 13.

WHEREFORE, the Defendants, Park Tower Condominium Association and The Habitat Company, LLC, move this Honorable Court to grant their Motion to Compel and enter an order compelling:

(a) Plaintiff's compliance with Defendants' interrogatories nos. 4, 6, 7, 9, 10, 11, 12, 13, 14, and 15 by a date certain;

(b) Plaintiff's compliance with Defendants' requests for production nos. 2, 3, 4, 5, 6, 7, 8, 11, and 13 by a date certain; and

(c) for further relief this Court deems just.

Dated: September 28, 2023

Kristine S. Phillips
Rachel M. Mineo
O'Hagan Meyer, LLC
1 East Wacker Drive, Suite 3400
Chicago, Illinois 60601
(312) 422.6100 (Telephone)
(312) 422.6110 (Facsimile)
kphillips@ohaganmeyer.com
rmineo@ohaganmeyer.com

Respectfully submitted:

Park Tower Condominium Association and The Habitat Company

By: /s/ *Rachel M. Mineo*
    One of their attorneys

8

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 28th day of September, 2023, I electronically filed **DEFENDANTS' MOTION TO COMPEL DISCOVERY,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEY FOR PLAINTIFF:**
Mason S. Cole
Cole Sadkin, LLC
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
mcole@colesadkin.com

/s/ *Rachel M. Mineo*
Rachel M. Mineo
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
rmineo@ohaganmeyer.com