IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA QUIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-06618 |
| | ) | |
| PARK TOWER CONDOMINIUM | ) | Judge Rebecca R. Pallmeyer |
| ASSOCIATION and THE HABITAT | ) | |
| COMPANY, LLC, | ) | |
| | ) | Magistrate Young B. Kim |
| Defendants. | ) | |

**DEFENDANTS' INTERROGATORIES DIRECTED TO PLAINTIFFS**

Defendants, Park Tower Condominium Association (the "Association") and The Habitat Company, LLC ("Habitat" or "Defendant"), by its attorneys, Kristine S. Phillips and Rachel M. Mineo of O'Hagan Meyer LLC, propound the following Interrogatories to Plaintiff, AMANDA QUIST, to be answered within 30 days, pursuant to Federal Rule of Civil Procedure 33:

**DEFINITIONS**

Notwithstanding the specific definitions below, each word, term, or phrase used in these interrogatories should be given their most expansive and inclusive meaning. As used in these interrogatories, the following terms are to be interpreted in accordance with these definitions:

A. **Plaintiff** – "Plaintiff," "Quist," or "You" shall mean and refer to Amanda Quist and any of her agents or representatives.

B. **You or Your** – The terms "You" or "Your" means Amanda Quist and any of her agents or representatives.

C. **Defendants** – The term "Defendants" mean Park Tower Condominium Association and The Habitat Company, LLC collectively.

D. **Complaint** – The term "Complaint" means the most recent Complaint filed by the Plaintiff in this litigation.

E. **Communication** – The term "Communication" shall be construed broadly to include any statement, inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, e-mail, text messages, Webex chat, MS

1



Teams chat, internal messages, notes, advertisements, any electronically stored information, or any other form of communication, whether oral or written, and in any form. Whenever a request refers to communications with others, such request also refers to communications with all persons acting on behalf of that other person, including, but not limited to, employees, officers, managers, directors, parent corporations, subsidiaries, affiliates, predecessors-in- interest, successors-in-interest, associates, consultants, investigators, secretaries, assistants, agents, brokers, auditors, accountants, claims adjusters, or attorneys.

F.     **Document** – The term "Document" shall be construed broadly to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. This term includes material in all forms, including printed, written, recorded or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publication, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referenced to in the requested document or incorporated by reference.

## INSTRUCTIONS

1.     If any interrogatory herein cannot be answered in full after exercising due diligence to secure the information to do so, it shall be answered to the extent possible with an explanation as to why a complete answer is not possible.

2.     To the extent that you believe an interrogatory is objectionable, answer as much of the Interrogatory as, in your view, is not objectionable and separately state the portion of each Interrogatory to which you object and the grounds for your objection.

3.     To the extent that you believe any interrogatory is ambiguous, your answer should set forth the matter deemed ambiguous and the construction used in responding.

4.     To the extent you are withholding information responsive to the interrogatory, including based on attorney-client privilege, work product privilege, or any other recognized privilege, your answer should affirmatively state that information is being withheld and the basis for doing so. Provide a privilege log for any information being withheld based attorney-client privilege, work product privilege, or any other recognized privilege.

## INTERROGATORIES

1. Identify all individual(s) who answered or assisted in answering, or who were consulted in answering these interrogatories, and identify each interrogatory that the individual answered, assisted in answering, or who was consulted in answering these interrogatories.

**ANSWER:**

2. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraph 17, describe the circumstances which You contend that Defendants denied Your Emotional Support Animal Application.

**ANSWER:**

3. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraphs 13-15, identify by name and job title all individual(s) You contend You offered to call Dr. Maxwell Arons with or provide receipts for your treatment.

**ANSWER:**

4. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraphs 17 and 20, identify:

   a. the disparaging statements You believe Defendants made;

   b. to whom those disparaging statements were made;

   c. who made the disparaging statements, including the individual's name and job title;

   d. all individual(s) who were present when those disparaging statements were made;

   e. the date, time, and location of the statements;

   f. any documents related to Your answer.

**ANSWER:**

5. For each occurrence identified by You in Your response to Interrogatory No. 3 above, describe any and all actions taken by You in response, including whether there are any documents regarding the same.

**ANSWER:**

6. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraph 19, identify:

    a. all individual(s) you contend escorted you to retrieve packages, including the individual's name and job title;

    b. the contents and size of the package(s);

    c. the date and time when you retrieved the package(s); and

    d. any documents related to Your answer.

**ANSWER:**

7. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraph 21, identify:

    g. all individual(s) you contend refused to give you package(s) and/or kept your furniture, including the individual's name and job title;

    h. the contents of the package(s) You contend Defendants refused to give You;

    i. the furniture You contend was retained by Defendants;

    j. the value of all items You contend were retained by Defendants;

    k. the date and time when You were prevented from retrieving Your package(s) and/or furniture; and

    l. any documents related to Your answer.

**ANSWER:**

8. For each package and/or furniture identified by You in Your response to Interrogatory No. 6 above, describe any and all actions taken by You in response to Your items You contend were retained by Defendants, including whether there are any documents regarding the same.

**ANSWER:**

9. With respect to paragraph 25 of Your Complaint, identify:

   a. the address of the property You purchased in or about October 2022;

   b. the date which You entered into the contract to purchase the substitute unit;

   c. the date You closed on the substitute unit; and

   d. any documents related to Your answer.

**ANSWER:**

10. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraphs 51-53, describe the extreme and emotional distress which You contend resulted from Defendants' conduct, including, but not limited to:

   a. Your specific symptoms and/or injuries;

   b. the date when the symptoms and/or injuries began;

   c. state whether the symptoms and/or injuries are ongoing or have resolved and the date when any symptoms or injuries resolved;

   d. whether you have sought treatment for any symptoms and/or injuries;

   e. identify all individual(s) who you have sought treatment from regarding any symptoms and/or injuries and the dates of any such treatment; and

   f. identify any documents related to your answer.

**ANSWER:**

11. Identify all communications, conversations and meetings, during the time period of August 2022 to the present, between You and Defendants, and for each communication, conversation and/or meeting, disclose:

    a. The date of the communication, conversation and/or meeting;

    b. Who was present during the communication, conversation and/or meeting;

    c. A description of what was said during the communication, conversation and/or meeting and who said it: and

    d. Any documents related to Your answer.

**ANSWER:**

12. For the time period of August 1, 2022 through present, identify each and every property which You owned or had a beneficial property interest in.

**ANSWER:**

13. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraph 24, identify the name, address and dates of occupancy for each and every hotel You resided in.

**ANSWER:**

14. For the time period of August 1, 2022 through October 3, 2022, identify the address and dates of occupancy for each and every place of residence You resided in.

**ANSWER:**

15. State the name, address, and telephone number of each individual who You believe has knowledge of or information about Your allegations in the Complaint and for each individual provide:

    a. A description of the knowledge or information the individual possesses; and

    b. Identify any documents related to the individual's knowledge or information.

**ANSWER:**


DATED: June 29, 2023           Respectfully submitted:

                               Defendants: Park Tower Condominium Association and The Habitat Company, LLC

                               By: /s/ *Rachel M. Mineo*
                                     One of their attorneys

Kristine S. Phillips
Rachel M. Mineo
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kphillips@ohaganmeyer.com
rmineo@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

    This is to certify that on this 29th day of June 2023, I served **Defendants' Interrogatories Directed to Plaintiff,** by electronic mail and U.S. Mail addressed to the following:

**ATTORNEY FOR PLAINTIFF:**
Mason S. Cole
Cole Sadkin, LLC
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
PH: (312) 548-8610
mcole@colesadkin.com


    /s/ *Rachel M. Mineo*
Rachel M. Mineo
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
rmineo@ohaganmeyer.com