**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMANDA QUIST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-06618 |
| ) | |
| PARK TOWER CONDOMINIUM ) | Judge Rebecca R. Pallmeyer |
| ASSOCIATION and THE HABITAT ) | |
| COMPANY, LLC, ) | |
| ) | Magistrate Young B. Kim |
| Defendants. ) | |

### DEFENDANTS' REQUESTS FOR DOCUMENTS DIRECTED TO PLAINTIFF

Defendants, Park Tower Condominium Association (the "Association") and The Habitat Company, LLC ("Habitat" or "Defendant"), by its attorneys, Kristine S. Phillips and Rachel M. Mineo of O'Hagan Meyer LLC, propound the following Requests for Documents directed to Plaintiff, Amanda Quist, to be answered within 30 days, pursuant to Federal Rule of Civil Procedure 34:

### DEFINITIONS

Notwithstanding the specific definitions below, each word, term, or phrase used in these interrogatories should be given their most expansive and inclusive meaning. As used in these interrogatories, the following terms are to be interpreted in accordance with these definitions:

A. **Plaintiff** – "Plaintiff," "Quist," or "You" shall mean and refer to Amanda Quist and any of her agents or representatives.

B. **You or Your** – The terms "You" or "Your" means Amanda Quist and any of her agents or representatives.

C. **Defendants** – The term "Defendants" mean Park Tower Condominium Association and The Habitat Company, LLC collectively.

D. **Complaint** – The term "Complaint" means the most recent Complaint filed by the Plaintiff in this litigation.

E. **Communication** – The term "Communication" shall be construed broadly to include any statement, inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, e-mail, text messages, Webex chat, MS Teams chat, internal messages, notes, advertisements, any electronically stored information, or any other form of communication, whether oral or written, and in any form. Whenever a request refers to communications with others, such request also refers to communications with all persons acting on behalf of that other person, including, but not limited to, employees, officers, managers,

1



directors, parent corporations, subsidiaries, affiliates, predecessors-in- interest, successors-in-interest, associates, consultants, investigators, secretaries, assistants, agents, brokers, auditors, accountants, claims adjusters, or attorneys.

F.     **Document** – The term "Document" shall be construed broadly to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. This term includes material in all forms, including printed, written, recorded or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publication, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referenced to in the requested document or incorporated by reference.

## INSTRUCTIONS

1.     If any document request herein cannot be answered in full after exercising due diligence to secure the information to do so, it shall be answered to the extent possible with an explanation as to why a complete response is not possible.

2.     To the extent that you believe a document request is objectionable, respond to as much of the document request as, in your view, is not objectionable and separately state the portion of each document request to which you object and the grounds for your objection.

3.     To the extent that you believe any document request is ambiguous, your response should set forth the matter deemed ambiguous, and the construction used in responding.

4.     To the extent you are withholding information or documents responsive to the document request, including based on attorney-client privilege, work product privilege, or any other recognized privilege, your response should affirmatively state that documents are being withheld and the basis for doing so. Provide a privilege log for any document being withheld based attorney-client privilege, work product privilege, or any other recognized privilege.

## REQUESTS FOR DOCUMENTS

1.     All documents, electronically stored information, and tangible things identified, used or referred to in any way in answering Defendants' interrogatories.
**RESPONSE:**

2. All documents, including but not limited to real estate contracts, correspondence between You and the sellers, and the contract termination related to Your potential purchase of the property commonly known as 5415 N. Sheridan Road, Unit 3303, Chicago, Illinois 60640.
**RESPONSE:**

3. All documents, including but not limited to real estate contracts, correspondence, and closing documents related to Your sale of the property commonly known as 6300 N. Sheridan Road, Unit 104, Chicago, Illinois.
**RESPONSE:**

4. All documents, including but not limited to real estate contracts, correspondence, and closing documents related to Your purchase of the property commonly known as 777 North Michigan Avenue, Unit 2705, Chicago, IL 60611.
**RESPONSE:**

5. All documents which You contend support Your claim that Defendants denied your Emotional Support Animal Application.
**RESPONSE:**

6. All documents including but not limited to communications, to/from, between and among, Plaintiff and Defendants.
**RESPONSE:**

7. All documents, including receipts, shipping updates, and tracking information, relating to the allegations in paragraph 19 of Your Complaint, which You contend support Your claim that you had items delivered to the Association.
**RESPONSE:**

8. All documents, including receipts, photographs and purchase confirmation relating to the allegations in paragraph 21 of Your Complaint, which You contend support Your claim that the Association kept a piece of furniture you were storing in the building.
**RESPONSE:**

9. All documents relating to the allegations in paragraph 17 of Your Complaint, which You contend support Your claim that Defendants disparaged the Plaintiff.
**RESPONSE:**

10. All documents relating to the allegations in paragraph 20 of Your Complaint, which You contend support Your claim that Defendants disparaged the Plaintiff during a second incident.
**RESPONSE:**

3

11. All documents, including but not limited to medical records, relating to the allegations in paragraph 18 of Your Complaint, which You contend support Your claim that You suffered panic attacks and other physical effects after an interaction with Defendants.
**RESPONSE:**

12. All documents, including but not limited to tax records, relating to the allegations in paragraph 28 of Your Complaint, which You contend support Your claim that your substitute unit had higher taxes than Unit 3303 in the Association.
**RESPONSE:**

13. All documents relating to the allegations in paragraph 24 of Your Complaint, which You contend support Your claim that You incurred approximately $16,000 in hotel bills after You terminated Your contract to purchase Unit 3303.
**RESPONSE:**

14. All documents relating to the allegations in paragraph 23 of Your Complaint, which You contend support Your claim that You forfeited $3,000 in earnest money.
**RESPONSE:**

15. All documents, including but not limited to statements, affidavits, declarations, or testimony relating to the allegations contained in Your Complaint.
**RESPONSE:**

DATED: June 29, 2023          Respectfully submitted:

                                                         Defendants: Park Tower Condominium
                                                         Association and The Habitat Company, LLC


                                                    By:/s/ *Rachel M. Mineo*
                                                           One of their attorneys

Kristine S. Phillips
Rachel M. Mineo
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kphillips@ohaganmeyer.com
rmineo@ohaganmeyer.com

4

## **CERTIFICATE OF SERVICE**

This is to certify that on this 29th day of June 2023, I served **Defendants' Requests for Documents Directed to the Plaintiff,** by electronic mail and U.S. Mail addressed to the following:

**ATTORNEY FOR PLAINTIFF:**
Mason S. Cole
Cole Sadkin, LLC
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
PH: (312) 548-8610
mcole@colesadkin.com


/s/ *Rachel M. Mineo*
Rachel M. Mineo
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
rmineo@ohaganmeyer.com