UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| AMANDA QUIST, | ) |
|     *Plaintiff,* | ) |
| v. | ) Civil Action No. Case No.: 2022-CV-06618 |
| PARK TOWER CONDOMINIUM ASSOCIATION | ) Judge Rebecca R. Pallmeyer |
| | ) Magistrate Judge Young B. Kim |
| and | ) |
| THE HABITAT COMPANY, | ) |
|     *Defendants.* | ) |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES DIRECTED TO PLAINTIFF**

Plaintiff Amanda Quist, by and through her counsel, Cole Sadkin, LLC, hereby responds to the Defendants, Park Tower Condominium Association (the "Association") and The Habitat Company, LLC ("Habitat" or "Defendant Interrogatories to Plaintiff:

**GENERAL OBJECTIONS**

1. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each document request to the extent that it calls for production of a privilege log for internal documents of Plaintiff. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine, governmental deliberative process privilege, and other privileges protecting such internal documents from discovery.

EXHIBIT C

4. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

5. Plaintiff objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Defendant to Plaintiff in the course of Plaintiff's civil investigation of Dentsply's distribution and marketing of artificial teeth, all transcripts of depositions of employees and former employees of Defendant, all correspondence between the Plaintiff and Defendant, all other information provided by Defendant to Plaintiff, and all information produced by Plaintiff to Defendant in response to discovery requests of Defendant. All such documents and information will not be produced.

6. Defendant's document requests and interrogatory call for the production of documents and information that were produced to the Plaintiff by other entities and that may contain confidential, proprietary, or trade secret information.

7. To the extent any of Defendant's document requests or its interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to

supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

8. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

## INTERROGATORIES

1. Identify all individual(s) who answered or assisted in answering, or who were consulted in answering these interrogatories, and identify each interrogatory that the individual answered, assisted in answering, or who was consulted in answering these interrogatories.

**ANSWER:** Amanda Quist (available through Counsel)

2. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraph 17, describe the circumstances which You contend that Defendants denied Your Emotional Support Animal Application.

**ANSWER:** I was in the process of preparing to close my purchase of the condo unit in the Property when I applied for permission to keep an emotional supply animal. I was denied by the condo board initially and I provided updated information regarding my request in order to better explain my position. When talking to the members of the board and their representatives, I was treated differently due to my race and called a "monkey" by one of the board employees.

3. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraphs 13-15, identify by name and job title all individual(s) You contend You offered to call Dr. Maxwell Arons with or provide receipts for your treatment.

**ANSWER:** I attempted to explain my position to any member of the board. I am not certain of titles or position the individuals I spoke to were as follows:

- Tim Patricio
- Kristy Evans
- Jacqueline Smith
- Unknown security and board members.

4. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraphs 17 and 20, identify:

a. the disparaging statements You believe Defendants made;

b. to whom those disparaging statements were made;

c. who made the disparaging statements, including the individual's name and job title;

d. all individual(s) who were present when those disparaging statements were made;.

e. the date, time, and location of the statements;

f. any documents related to Your answer. Please see the documents produced.

**ANSWER:**
a. I was called a "monkey" and talked down to by all individuals I spoke to from the board. Kirsty Evans called me a "Monkey" on September 14, 2022 in the afternoon;

b. the statements were made to me.

c. On information and belief, the person was Kirsty Evans, Administrative Assistant, The Habitat.

    d.  Myself and Kirsty Evans, unknown others

    e.  I was called a "Monkey" on September 14, 2022 by I believe Ms. Evans, and then various other times I was talked down to or mistreated as I attempted to pick up my packages.

5. For each occurrence identified by You in Your response to Interrogatory No. 3 above, describe any and all actions taken by You in response, including whether there are any documents regarding the same.

**ANSWER:** I filed this action.

6. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraph 19, identify:

    a. all individual(s) you contend escorted you to retrieve packages, including the individual's name and job title;

    b. the contents and size of the package(s);

    c. the date and time when you retrieved the package(s); and

    d. any documents related to Your answer.

**ANSWER:**

    a. Four or five security guard and male assistant property management escorted me. I am unaware of their names.

    b. About 25-30 boxes, actual mail and lighting fixtures and furniture. The things I intended to start a new home with.

    c. It was approximately the last week of September or around October 1st or 3rd. (The HOA kept changing the dates unilaterally on me.

    d. Please see all documents produced to the response to production of documents.

7. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraph 21, identify:

> a. all individual(s) you contend refused to give you package(s) and/or kept your furniture, including the individual's name and job title;
>
> b. the contents of the package(s) You contend Defendants refused to give You;
>
> c. the furniture You contend was retained by Defendants;
>
> d. the value of all items You contend were retained by Defendants;
>
> e. the date and time when You were prevented from retrieving Your package(s) and/or furniture; and
>
> f. any documents related to Your answer.

**ANSWER:**

> a. Assistant manager and three security guards.
>
> b. The building/HOA kept my bed and a few other packages. I had a list showing what I was picking up.
>
> c. The time was about 1 pm during the last week of September or around October 1st or 3rd. (The HOA kept changing the dates unilaterally on me.)
>
> d. Over $1,500.00
>
> f. Please see all documents produced to the response to production of documents.

8. For each package and/or furniture identified by You in Your response to Interrogatory No. 6 above, describe any and all actions taken by You in response to Your items You contend were retained by Defendants, including whether there are any documents regarding the same.

**ANSWER:** I attempted to "return" ordered items or claim they were undelivered with the

shipping company to no success.

      9. With respect to paragraph 25 of your complaint, identify:

         a. the address of the property You purchased in or about October 2022;

         b. the date which You entered into the contract to purchase the substitute unit;

         c. the date You closed on the substitute unit; and

         d. any documents related to Your answer.

**ANSWER:**

      a. . 777 North Michigan Ave apt 2705 Chicago Illinois 60611

      b. The contract was written just after the sale of the subject property was cancelled.

      c. Around October 7-8 of 2022. A realtor lived in the building which made things move much faster, as well as the absence of racist building managers and a racist condo association

      d. Please see all documents produced to the response to production of documents.

10. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraphs 51-53, describe the extreme and emotional distress which You contend resulted from Defendants' conduct, including, but not limited to:

      a. Your specific symptoms and/or injuries;

      b. the date when the symptoms and/or injuries began;

      c. state whether the symptoms and/or injuries are ongoing or have resolved and the date when any symptoms or injuries resolved;

      d. whether you have sought treatment for any symptoms and/or injuries; e. identify all individual(s) who you have sought treatment from regarding any symptoms and/or injuries and the dates of any such treatment; and

      f. identify any documents related to your answer.

**ANSWER:**

      a. . The date I dropped off the letter from the doctor to the association regarding the therapy animal application, September 25, 2022.

    b. My symptoms are still ongoing. My hair began falling out and continues to do so. I'm afraid of leaving my building and home. I was prescribed Xanax to help with my extreme anxiety. I broke out in rashes and hives and my blood pressure and heart rate became elevated after the incident and remain high to this day. I made a video describing my symptoms after the HOA said I didn't have a therapeutic relationship with my dog. On my last trip to the building I threw up and almost passed out when I returned to the hotel where I was staying at that time.

    c. The symptoms are still ongoing and remain to this day.

    d. I saw a doctor for my anxiety and had labs done. I'm using a biofeedback machine by Fisher Wallace as part of a therapy regimen.

    f. Please see all documents produced to the response to production of documents.

    11. Identify all communications, conversations and meetings, during the time period of August 2022 to the present, between You and Defendants, and for each communication, conversation and/or meeting, disclose:

      a. The date of the communication, conversation and/or meeting;

      b. Who was present during the communication, conversation and/or meeting;

      c. A description of what was said during the communication, conversation and/or meeting and who said it: and

    d. Any documents related to Your answer.

**ANSWER:**

    a. Several conversations and meetings took place during that titme period and I am unable to identify or remember the exact dates or times of each conversation. All took place wither before or after the proposed closing that did not take place.

    b. Conversations and meetings took place between me and the following individuals: Seller's attorney, Timothy Patricio; CAM, Jacqueline Smith; the seller's Real Estate Agent

    c. I went to see my Doctor 3 times and each time I brought what the HOA asked to have filled out or asked the Doctor for whatever new document the HOA "suddenly" needed for them to change their minds. My doctor would fill out the forms provided by the HOA right away. However, when the new documentation or the completed forms were provided to the HOA, the HOA claimed that my doctor was not real and that I had to get a prescription written on a prescription pad. I went back to the Doctor, received the prescription written on a prescription pad, returned it the HOA and this time they said that they needed proof I suffer from anxiety. I gave the HOA my medical records from my California doctor showing I had a heart condition, suffered from anxiety and that I suffered from Dysautonomia. The HOA said I lied about being abused (a source of my anxiety) so I showed them physical proof along with police reports. They asked for a therapist letter or report, this is after they said they would not accept the letter I provided because I was on Zoom with them and not in person.

    d. Please see all documents produced to the response to production of documents.

  12. For the time period of August 1, 2022 through present, identify each and every

property which You owned or had a beneficial property interest in.

**ANSWER:** 777 North Michigan Ave apt 2705 Chicago Illinois 60611

13. With respect to Your allegations in Your Complaint, including but not limited to allegations made in paragraph 24, identify the name, address and dates of occupancy for each and every hotel You resided in.

**ANSWER:** a. The Westin Hotel, 909 North Michigan Avenue; Chicago, IL

b. Hampton Inn, 7944 Pearl Street, Ventura, CA 93004

c. The W. Hotel, 172 West Adams, Chicago, IL 60603

14. For the time period of August 1, 2022 through October 3, 2022, identify the address and dates of occupancy for each and every place of residence You resided in.

**ANSWER:** a. The Westin Hotel, 909 North Michigan Avenue; Chicago, IL (9/20/22 to 10/4/22);

b. Hampton Inn, 7944 Pearl Street, Ventura, CA 93004 (9/8/22 to 9/16/22)

c. The W. Hotel, 172 West Adams, Chicago, IL 60603 (9/16/22 to 9/20/22)

d. 777 North Michigan Ave apt 2705 Chicago Illinois 60611

15. State the name, address, and telephone number of each individual who You believe has knowledge of or information about Your allegations in the Complaint and for each individual provide:

a. A description of the knowledge or information the individual possesses; and

b. Identify any documents related to the individual's knowledge or information.

**ANSWER:**
- Kristy Evans – It is believed that this is the individual who called the Plaintiff a "Monkey".

- Tim Patricio – gave other residents the name of the Plaintiff and informed them that Plaintiff was seeking approval of a support animal. These communications were against the rules of the HOA.

- Jean Shamo – Former member of the HOA may have knowledge of the incident.

- Catherine Kestler resigned – former board member who may have information or knowledge of the incident.

- Michael Prarrie - board member who may have information or knowledge of the incident.

- Sheldon Atovsky - board member who may have information or knowledge of the incident.

- Maxwell Arons, DO – one of the Treating Physicians of the Plaintiff

- Jacqueline Smith – a property manager for the Condo Association

- Security guards for the building – Unknown names – information on the interactions with Plaintiff regarding picking up her things

- Erin Booker – My Real Estate Broker

- Enrique Lipezker – an attorney who told me to try and sneak the support animal into the unit after the sale was closed.

Dated: August 23, 2023

Respectfully Submitted,

By: /s/ Mark Johnson

One of Plaintiff's Attorneys

COLE SADKIN LLC
Mason S. Cole
Dean Tatooles
Dean Barakat
Mark Johnson
1652 W BELMONT AVE, STE 1

CHICAGO, ILLINOIS 60657
T: (312) 548-8610
F: (312) 372-7076
Firm ID: 49001
mcole@colesadkin.com
mjohnson@colesadkin.com

## **VERIFICATION**

      Under penalties as provided by law, the undersigned, Amanda Quist, herein, certifies that the statements set forth in the above Responses to Defendants' Interrogatories are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Dated: August 23, 2023

*Amanda Quist*
ID No643etuxLxpr2wwGypx6pxe
_____
Amanda Quist

## eSignature Details

**Signer ID:** **No643etuxLxpr2wwGypx6pxe**
Signed by: Amanda Quist
Sent to email: amandakquist83@gmail.com
IP Address: 174.244.22.222
Signed at: Aug 23 2023, 1:37 pm CDT